## NEW YORK COMMON PLEAS.

### MARGARET KREKELER agt. HENRY W. THAULE *et al.*

*Change of attorneys.*

An attorney cannot be changed without leave of the court or an order of a judge of the court.

He may be changed upon his own consent, but the consent must be filed on an order entered substituting in his place the new attorney, and notice of the order must be served upon the opposite party.

*Special Term, May,* 1875.

DALY, *C. J.* — An attorney cannot be changed without leave of the court or an order of a judge of the court (*Mumford* agt. *Monay, Hop. R.,* 369; *Anon.,* 7 *Mad.,* 50).

He may be changed upon his own consent, but the consent must be filed on an order entered substituting in his place the new attorney, and notice of the order must be served upon the opposite party (*Graham's Practice* [2d ed.], 48 ; *Ryland* agt. *Noukes,* 1 *Taunton,* 342 ; *Robertson* agt. *McClellin,* 1 *How. R.,* 90 ; *Dalon* agt. *Lewis,* 7 *How.,* 132).

Stemmler was the attorney for two of the defendants, Thaule and Wessel. This consent did not authorize the entry of a rule substituting Porter and Gould.

His consent was for the substitution of Porter and another. At all events, it is at most doubtful if Porter and Gould were substituted, and the doubt is one of weight in a judgment affecting real estate and the title acquired under it, for if not properly substituted their acts as attorneys are to be disregarded, as the opposite party is bound to consider the former attorney as still employed (*Jerome* agt. *Bowan,* 1 *Wend.,* 393; *Graham's Practice* [2d ed.], 48).

Krekeler agt. Thaule.

It is doubtful, moreover, whether there has been any appearance for the other defendant. Porter and Gould served their notice of appearance as attorneys for the defendants, but there was no order of substitution as to the defendants who had appeared by Stemmler, and with respect to them all that appears to have been done was to file the consent. There was no service of appearance or retainer, under Rule 11, for the other defendant, nor any formal act which could be treated as a distinct and separate appearance for them (*Norton* agt. *Hayes*, 4 *Denio*, 245 ; *Cooley* agt. *Lawrence*, 12 *How. P. R.*, 176). The proper course would be to give leave to enter an order of substitution of Porter. Upon the consent filed the entry of an order upon Porter, consent substituting his firm, and the filing of a notice under Rule 11, and entry of an appearance by Porter and Gould for the defendants, which may be entered *nunc pro tunc* within five days after the entry of this order upon this motion, otherwise the motions have to be granted, with costs. If the rule is complied with no costs will be imposed on the defendants.