David F. Lee, Jr., J.
Defendant moves, by way of order to show cause, to modify a decree of separation by striking the last two decretal or ordering paragraphs. The paragraphs defendant seeks to strike decree that the child of the parties, an infant, “ is within the jurisdiction of this court ” and order “ that all matters relating to support, maintenance and custody of the minor issue of the marriage shall be determined by the Family Court of the State of New York.”
The affidavits submitted on this motion show that the defendant and the infant child left the State of New York on October 8, 1965 and went to the State of California where they have lived since October 11, 1965. Defendant has commenced an action, now pending, for divorce in California. Affidavits of persons who know the defendant and the child and which state that the defendant and the child were seen in Owego, New York in December, 1965 have been submitted by . the plaintiff on this motion.
The plaintiff husband commenced the action for separation by service of a summons and verified complaint by publication pursuant to an order of this court. The defendant being in default for want of an ajipearance or pleading the matter was heard at Special Term on July 15, 1966, and judgment was granted. The whereabouts of the defendant and the child were not known by the plaintiff at that time. That the defendant and the child were in California at the time judgment was granted and at the present time is not controverted.
The plaintiff in his answering affidavit asserts :
“ 7. The matrimonial domicile of the husband and the child is and always has been R. D. #1, Nichols, Tioga County, New York.
“8. It is respectfully submitted that the defendant should not be permitted to go forum shopping, deserting the father of the child and attempting to thwart justice.
“9. That since the defendant, Joan B. Babcock, has not appeared specially in this proceeding, it is respectfully suggested that she has submitted to the jurisdiction of this Court in this proceeding. For this reason and the reason that the matrimonial domicile of the parties and the child continues to be in New York, defendant prays that the order staying further proceedings in the Family Court of Tioga County be vacated.”
Custody jurisdiction is based upon the child’s residence as distinguished from that of the domicile of.its parents. (See Matter of Bachman v. Mejias, 1 N Y 2d 575; 581; Matthews v. Matthews, 247 N. Y. 32; People ex rel. Pritchett v. Pritchett, *1013 1 A D 2d. 1009, affd. 2 N Y 2d 947; May v. May, 233 App. Div. 519; Ryan v. Ryan, 24 A D 2d 531.)
In Finlay v. Finlay (240 N. Y. 429, 431) Judge Carijozo writing for the court said: ‘1 The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless (Woodworth v. Spring, 4 Allen, 321, 323; White v. White, 77 N. H. 26; Hanrahan v. Sears, 72 N. H. 71, 72; Matter of Hubbard, 82 N. Y. 90, 93). For this, the residence of the child suffices though the domicile be elsewhere (Matter of Hubbard, supra).”
The papers submitted on this motion show that the infant now resides in the State of California, and resided there at the time judgment was granted. ‘ ‘ Where there is any doubt upon the question of jurisdiction over custody and support of children, the court in the State in which the children live is entitled to the benefit of a presumptive jurisdiction which New York ought to recognize.” (Matter of Guyette v. Haley, 286 App. Div. 451, 462.)
The defendant’s motion should be granted. No motion costs are awarded.