John R. Heilman, J.
This proceeding was brought on by an order dated May 7, 1969, directing the .respondent father to show cause why the petitioner mother should not have an order of this court permitting her to withdraw her original writ of habeas corpus involving custody of their two children. The parties are separated and there apparently. is a matrimonial action pending between them.
The petitioner originally sought a writ of habeas corpus requiring the respondent to produce the two minor children of the parties before the Supreme Court. The writ was issued by one of the Justices of the Supreme Court in Sullivan County and referred to the Supreme Court in Dutchess County on December 11, 1968. The respondent made his return in the nature of a cross petition for custody, and produced the two children in obedience to said writ on the return date, December 23, 1968. The matter was on that day referred to the then Family Court Judge of Dutchess County, who scheduled January 13, 1969 to set a date for hearing. On that date the respondent and his attorney appeared in Family Court, but neither petitioner nor her attorney was present. Respondent’s attorney advised the court that he understood petitioner would have a change of counsel. This was confirmed by letter dated January 22, 1969 from petitioner’s original attorney to the court. The court set March 7, 1969 for a hearing. Both attorneys were sent letter reminders of this adjourned date by the court, and a reply was received from petitioner’s original attorney naming the new counsel for petitioner, who, in turn were notified by the court of the date for the hearing, and counsel for the respondent was advised by the court by letter dated January 28, 1969 of the name and address of petitioner’s substituted counsel.
By letters from the court dated March 3, 1969, both counsel were notified that due to the expected change of Family Court Judges, the hearing was adjourned to May 9, 1969.
*75 By letter dated March 6, 1969, sworn to March 10th, and received by the court March 12th, the petitioner notified the court that she wished to voluntarily withdraw her petition for a writ of habeas corpus. On the same date the court received a letter from respondent’s attorney acknowledging receipt of a copy of the above-mentioned withdrawal letter and calling attention to respondent’s return to the original writ as a cross petition for custody, pointing out that no reply had been received to this return, and seeking an order of this court awarding custody to the respondent.
Meanwhile, in Sullivan County the same petitioner brought on a writ of habeas corpus in the Supreme Court for the same relief sought in the writ in Dutchess County, and setting forth in such petition that the prior writ in Dutchess County had been withdrawn by letter of the petitioner sworn to the 10th day of March, 1969. The writ in Sullivan County was granted on March 21, 1969 and referred to the Family Court of Sullivan County for determination.
When the matter was called for trial in Sullivan County Family Court on May 6, 1969, respondent renewed the motion, originally made on the return of the writ, to dismiss the habeas corpus petition in Sullivan County on the ground that petitioner’s attempt to unilaterally withdraw her habeas corpus petition in Dutchess County was defective. The Sullivan County Family Court Judge reserved decision on this motion with the understanding that petitioner would prepare a show cause order seeking permission of the Dutchess County Family Court to Avithdraw the habeas corpus petition there. Said show cause order was submitted and signed on May 7, 1969, returnable on May 12, 1969, at which time it was argued and decision was reserved pending receipt of memoranda from both parties.
The questions before the court are: (1) whether the substitution of attorneys made by petitioner was defective, and if defective, whether such defect warrants summary dismissal of the instant application; (2) did the letter of petitioner dated March 6, 1969 addressed to the then Family Court Judge of Dutchess County, and a copy of which was allegedly served on respondent’s counsel, effectively withdraw the habeas corpus petition in Dutchess County and discontinue the proceeding there; and (3) if the answer to (2) is negative, whether the court in the exercise of its discretion should now allow petitioner to withdraw her petition and discontinue the proceeding.
It is the respondent’s contention that petitioner’s substitution of attorneys was untimely and ineffective insofar as the instant application is concerned. There is some substance to the argu *76 ment of respondent that CPLR 321 (subd. [b]) requiring notice of filing of substitution was not complied with prior to or simultaneously with petitioner’s application herein. A litigant may have only one attorney of record. (Barlas v. Johnson Elec. Corp., 44 Misc 2d 918.) Traditionally, an attorney who is not properly or effectively substituted has no standing to act on behalf of his alleged client. (Szuldiner v. City of New York, 18 A D 2d 897.) The acts of such an attorney are without effect and should be disregarded by the court. (Krekeler v. Thaule, 49 How. Prac. 138; Sulzer v. Fontheim, 170 Misc. 552; see, also, 1 Carmody-Wait 2d, New York Practice, § 3:105; 3 N. Y. Jur., Attorney and Client, § 16.)
However, it appears that there was compliance with the provisions of CPLR 321 (subd. [b]) within a few days of the application to this court for the show cause order. It further appears that respondent actually knew that petitioner would have different counsel, and so advised the Dutchess County Family Court on January 13th. Respondent’s counsel, after being advised by this court of the name and address of petitioner’s substituted counsel, sent carbon copies of letters to this court to said substituted attorneys, and made no timely objection to such substitution. It does not appear that respondent’s rights have in any way been substantially prejudiced by noncompliance with CPLR, and to treat as a nullity petitioner’s instant application for a show cause order would serve only to further delay and complicate this proceeding. The court will treat the consent to substitution of attorneys as having been filed nunc pro tunc and recognize petitioner’s present counsel as having been properly substituted as of the date of the application for the instant show cause order.
Turning to the second question before the court, the petitioner contends that her letter of March 6, 1969 effectively withdrew the proceeding from the court’s consideration, and she further contends that if her attempted withdrawal was without effect, then the court in its discretion should now permit her to withdraw her petition, claiming that Sullivan County is the proper venue for this proceeding. The respondent categorically rejects petitioner’s petition on each of these points.
This court has been unable to find any decision of courts of this State governing the unilateral right of a petitioner to withdraw a habeas corpus proceeding. Section 165 of the Family Court Act provides that where the procedure is not prescribed therein, the provisions of CPLR shall apply to the extent that they are appropriate. CPLR 3217 sets forth the procedure to *77 be followed in discontinuing an action or proceeding, and, as it pertains to the instant case, it provides:
“(a) * * * Any party asserting a claim may discontinue it without an order
“1. by serving upon all parties to the action a notice of discontinuance any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court; or
“2. by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided that no party is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action.
“ (b) * * * Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions as the court deems proper ”. (cf. CPLE 103, subd. [b].)
The letter submitted to this court by petitioner on March 12, 1969 was not only untimely, but also lacked requisite proof of service to constitute a notice pursuant to CPLR 3217 (subd. [a], par. 1), and did not conform in either form or content to CPLR 3217 (subd. [a], par. 2). The court does not construe the letter of March 10th from respondent’s attorney as either a consent to, or a stipulation of, discontinuance. The court is of the opinion that petitioner neither properly nor effectively withdrew her original petition, and the court must now decide whether it should permit the petitioner to discontinue the habeas corpus proceeding in this county at this time.
Ordinarily, a party to an action or proceeding has an absolute right to discontinue such action or proceeding if he so desires, within the procedure prescribed. This right remains virtually absolute so long as the claim sought to be withdrawn affects only the interest of the party seeking to discontinue the action, and a court would abuse its discretion by refusing to permit a party to bring an end to the proceeding under such circumstances. However, the right to discontinue ceases to be absolute when certain intervening interests and rights become involved in the action or proceeding. It has long been the rule that when, as here, the party against whom relief is sought himself seeks affirmative relief by way of counterclaim or otherwise, the court should not permit the party who instituted the action in the first instance to unilaterally discontinue the action. (See, e.g., Guglielmoni v. Diamond, 263 App. Div. 1012.)
*78 Moreover, the courts of this State have traditionally held that in matters involving the welfare of a child, not only the parties to the action, but also the public has an interest in the continuation of the proceeding. (See, e.g., Matter of Rich v. Kaminsky, 254 App. Div. 6.) When such public interest is involved, even where the parties between themselves stipulate to discontinue the action, the court as guardian of the public interest should not allow the proceedings to be terminated without inquiry. (See, e.g., Winans v. Winans, 124 N. Y. 140; Matter of Rich v. Kaminsky, supra; Smith v. Smith, 7 Misc 2d 515. See, also, Matter of Dyer, 4 A D 2d 950.)
The petitioner seeks to withdraw her petition so that she may be free to continue the prosecution of a like petition in Sullivan County, which she commenced on the assumption that her original petition in Dutchess County had been effectively withdrawn. (Cf. CPLR 3211, subd. [a], par. 4.) The petitioner, in so proceeding, is attempting to change the venue of the proceeding, which is now in Dutchess County. Petitioner alleges that venue would have been more properly laid in Sullivan County in the first instance, that the courts of that county are better equipped to give swift treatment to her petition and that her own convenience would be served by having venue laid in Sullivan County. The court notes that no formal objection to venue was made at the outset of the proceeding in Dutchess County. As far as this issue is concerned, there are many more factors supporting venue in Dutchess County than in Sullivan County. The children who are the subject of the original writ were, at the time it was issued, residing in Dutchess County. The marital domicile of petitioner and respondent was in Dutchess County. The relative convenience of the petitioner, respondent, and their respective witnesses may be assumed to be on a par. CPLR 7004 (subd. [c]), as it relates to venue in matters not dealing with persons confined in a State institution, is of little assistance in determining where a petition such as we have in the instant case should be returnable. However, such writs have traditionally been made returnable in the county in which the child whose custody is sought is being kept or detained. The fact that the original writ was made returnable in Dutchess County tends to lend support to respondent’s contention that Dutchess County is the proper forum of this proceeding and that Dutchess County should retain jurisdiction in this matter. (Matter of Holbrook v. Holbrook, 31 Misc 2d 288; See, also, People ex rel. Glasier v. Glasier, 2 A D 2d 289; People ex rel. Boyce v. Boyce, 159 N. Y. S. 2d 23.)
*79 It is, therefore, the conclusion of this court that the writ of habeas corpus initiated in the Supreme Court and referred to the Family Court in Dutchess County is still pending in this court and that this -court should retain jurisdiction over the matter and determine the issue of custody of the children.
The motion to withdraw petitioner’s writ of habeas corpus now pending in this -court is denied.
This court will clear its calendar and give priority to the trial of this writ at earliest date convenient to all parties.