Reginald S. Oliver, J.
Petitioner and respondent were married in Cooperstown, New York, on September 20, 1969. After residing in a trailer park in Sodns, New York, they bought a house and settled in Williamson, New York. Issue of the marriage are Heidi Lynn and Heather Lori, aged three, who are twins, and Matthew" John, aged two, and Keri Patricia, aged one. On or about May 20, 1974, the parties separated and respondent left the marital residence with the children, and since then has been living with her mother in Fly Creek, New York.
On June 19, 1974, the wife filed a petition in Otsego County. Family Court under article 3-A of the Domestic Relations Law, seeking support for herself and the children from her husband. In due course, the petition was forwarded to Wayne County for action to be taken thereon. This court was unable to obtain *916 service of the first summons for appearance of the respondent on July 31,1974. A second summons for appearance on August 28, 1974 was also unahle to be .served on the respondent, and a warrant was issued, which resulted in 'his appearance before this court with counsel on September 3, 1974. The respondent was released on his own recognizance for appearance with his attorney at a subsequent date.
On June 28,1974, Frederick J. Morton caused a summons for divorce to be served on his wife by the Otsego County Sheriff. A complaint verified August 9,1974, and apparently prepared by a substituted attorney, was served on Mrs. Morton, following the service of another summons for divorce .served on her on July 20, 1974; the proof of service of the summons on July 20 indicates a complaint was also served, but this seems not to be fact, the complaint having been served later.
Patricia V. M. Morton served a summons and complaint out of Otsego County on the husband on August 6, 1974, before the husband’s complaint was served in his action. Thereafter, her attorney by a show cause order in Supreme Court, Otsego County, moved to consolidate the two divorce actions and to set Otsego County as the proper county for venue. The order to show cause was returnable in Otsego County before the Honorable Richard J. Bookhotjt on September 11, 1974. By a decision dated September 25, 1974, Justice Bookhotjt held that 'the divorce actions should be consolidated, and that Otsego County was the proper place for trial of all issues including custody, visitation and support. He wrote: “in this case it would appear that the children’s interest would best be resolved in their home county, where their mother has them under her care and has evidenced the greater diligence in 1.) invoking the aid of the Family Court; 2.) in compelling the joinder of issue in the divorce action, and 3.) in bringing on this motion to prevent the fragmentation of proceedings seeking the same or similar relief. .The venue of the consolidated action shall be Otsego County.” This court is advised that the order entered thereon has been appealed.
Pending decision in the Otsego County order to show cause, the husband’s attorney moved for a writ of habeas corpus in Monroe County Supreme Court, which was referred to Wayne County Family Court on September 23, 1974, by Honorable Jacob Ark ; the motion to change venue was denied without prejudice, a temporary order of support was made by Justice Ark I in the amount of $10 per week per child, and visitation of the children by the father was granted. , I
*917 The husband, pursuant to the referral, moved this' court to compel answers to interrogations filed .September 26, 1974, and for an order designating Wayne County Family Court as the venue for hearing the habeas corpus proceeding. Argument was heard on November 22,1974.
The Uniform Support of Dependents Law (USDL) matter was properly before this court until the divorce action was commenced. (See Family Ct. Act, § 464.)
The issue of venue on the custody of the children is the only question which must now be decided.
The Otsego .County Supreme Court has filed a decision which decides the matter. Both parties were properly before that-court, its decision and order have been filed and an appeal is pending. It would therefore be presumptuous of this court to make an order which in effect would modify the previous order in Otsego County. Had no decision been filed in Otsego County, this court would reach the same conclusion as to venue.
The husband’s attorney states that the convenience of witnesses requires the matter to be heard in Wayne. It is, certain that the wife will also have numerous witnesses, who would suffer as much coming to Wayne as the husband’s would going to Otsego. While the presence of these young children would probably not be necessary to determine thé issues, if they should have to attend in Wayne, it could not help but be upsetting for them to be transported around the State for several days. Another argument made by the husband’s attorney, and instantly dismissed by the court, was the inability of her client to obtain a fair hearing in Otsego County because the wife’s mother is the Deputy Commissioner of Elections in Otsego County. No comment is necessary as to why this court summarily refused to consider such a specious postulate.
CPLR 7004 (subd. [c]) provides that a writ of habeas corpus, when the person detained is not confined in an institutioii, shall be mhde returnable in the county where issued, but if the person detained is not in the county where the writ is issued, then the writ may be rilade returnable before any Judge authorized to issue it in the county of detention.
Justice Ark, in his order of reference dated September 16, 1974, specifically reserved to this, court the question of venue on the hearing of the writ. It is discretionary with the issuing Justice where the writ should be made returnable, (Matter of Hogan v. Culkin, 18 N Y 2d 330.)
In People ex rel. Potterton v. Potterton (169 Misc. 404), petitioner sought a writ in Richmond County to have the respondent *918 and their child who resided in Oneida County appear in Richmond County. The court held that the writ must he made returnable in the county of confinement and not in the county where the convenience of the relator and his witnesses would best be served. The court referred to the statute then controlling, namely subdivision 2 of section 1239 of the Civil Practice Act, the substance of which was not changed when it was carried over as the second sentence in CPLR 7004 (subd. [c]).
Assistance is also given in the Practice Commentary by Peter W. Thornton concerning CPLR 7004 (subd. [cl)• He writes (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 287): “The second sentence, dealing with persons not
detained in a state institution, provides that the writ shall be returnable in the county where issued. This may be a county other than where the person is detained, see CPLR § 7002(b) (1-4). The provision that where the petition was made to the supreme court or a supreme court justice outside the county of detention, the writ may be. returnable before any judge authorized to hear it in the county of detention, indicates that the writ should be made returnable -in the county of detention unless the petition was made outside the county, of detention for the reason that there is no judge in the co.unty of detention capable of issuing the writ (see CPLR '§ 7002 (b) (4).) ”
CPLR 7002 (subd. [b], par. 4) provide^ that the petition for the writ shall be made to the County Judge being or residing within the county in which the person is detained, or if there is no such Judge within that county, or if all Judges within the county being capable of doing so have refused to issue the writ, the petition may be made to a County Judge being or residing within an adjoining county.
• This court is unable to agree with the holding in Matter of Holbrook v. Holbrook (31 Misc 2d 288) because of the wording of the statutes. There, the petitioner residing .in Otsego County, had a writ signed returnable there, where the respondent had removed the children to Nassau County. The court stated that even assuming there is a semi-obligation to give preferential consideration to the county of confinement, it could have no application to a case where the children are removed without the consent of the father and then turn up in another county of the State. The court was confronted with a motion to change the venue from Otsego County to Nassau County. It refused to grant the motion, because it would be unseemly for another Judge to change the venue on the ground the place -originally chosen was improper.
*919 Palmer v. Palmer (62 Misc 2d 73), decided a motion by a petitioner to withdraw a writ granted by the Sullivan County Supreme Court for custody of children detained in Dutchess County. The writ was originally referred by the Sullivan County Justice to Family Court in Dutchess County. The respondent appeared and made a cross motion for custody. The court refused to allow the writ to be withdrawn by the petitioner, inasmuch as the respondent in turn had sought affirmative relief in Dutchess County. The court also stated that writs have traditionally been made returnable in the county in which the child whose custody is sought is being kept or detained.
For the reasons stated above, the court holds that the proceeding to obtain custody of the children should be brought in the county .in which they are residing, as part of the divorce proceeding now pending in Otsego County.
The writ herein referred to this court is hereby dismissed, and all matters between the parties hereto shall be decided in Otsego County pursuant to the decision of 'Justice Bookhout.