Joseph A. Doran, J.
This is a proceeding for custody of a child brought by petition and order to show cause in the Family Court, New York County, pursuant to subdivision (b) of section 651 of the Family Court Act.
The petitioner, who is the mother of the three-year-old child in question, seeks to obtain custody from the father. She has established a separate abode in New York County, while pursuing a theatrical career, and the respondent continues to occupy the marital residence jointly owned by the parties in Nassau County. There the child remains in the father’s custody or under his control.
The respondent moves for change of venue from this court to the Family Court in Nassau County.
An earlier “habeas corpus” by the petitioner in the Supreme Court, Queens County, was dismissed, as the court is informed, when it was made to appear that the child was being “detained” in Nassau County. If the same relief had been sought in the Supreme Court, New York County, there is no reason to expect a different result under the circumstances —or maybe return of the writ in Nassau County (see CPLR 7004, subd [c]). The petitioner does not improve her chances or convenience through resort to the Family Court in New York County by order to show cause rather than writ as a different procedural device for access to court in order to obtain identical relief. This tends to exalt form over substance and lends itself to a kind of forum shopping.
The determination of venue in a custody case should not depend upon whether the proceeding is commenced by way of writ or order to show cause at least in the absence of special circumstances. The choice of initiating process does not alter the purpose or nature of the proceeding. It is still custody of the child that is in issue between these parents. The traditional rules that govern place of trial in custody matters are not changed simply because the petitioner invokes jurisdiction by order to show cause and does not ask for "production of the body”. The rules should be followed in this case and dictate that venue belongs in Nassau County. (See, e.g., Morton v Morton, 79 Misc 2d 915; Palmer v Palmer, 62 Misc 2d 73: *814 Babcock v Babcock, 53 Misc 2d 1011, 1012, and cases cited; also People ex rel. Potterton v Potterton, 169 Misc 404.)
Accordingly, the motion for change of venue is granted and the proceeding transferred to the Family Court in Nassau County (see Family Ct. Act, § 174).