Shirley Wohl Kram, J.
This case arose with the filing of a petition on February 23, 1976 wherein petitioner alleged that respondent was the father of her child, Marilyn Judy, born out of wedlock on December 17, 1975. At a hearing on May 3, 1976 petitioner made a motion to withdraw the petition, contending that it would be in the best interests of the child. In reply to the application, respondent testified that he wished *883 to acknowledge paternity of the child. Pending memorandum of law from counsel for both parties, this court reserved decision on petitioner’s motion.
Since more than 20 days have elapsed from the service of the petition, the discontinuance of these proceedings is governed by CPLR 3217 (subd [b]), which provides as follows: "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper.”
This section has been interpreted to mean that the court can refuse to allow a discontinuance if it believes that the rights of a respondent have been prejudiced. In Smith v Smith (62 Mise 2d 574), it was determined that a petitioner wife could not voluntarily discontinue her support proceeding in order to eliminate orders of visitation and protection. The opinion states (p 576) that "If the defendant or respondent has a valid interest in having an action or proceeding for a determination of issues presented by him, he may resist a proposed discontinuance as to him. Thereupon the matter rests in the sound discretion of the court which may protect the party’s interests by refusing the discontinuance. (Matter of Cowles, 22 AD2d 365, affd. without opn. 17 NY2d 567.)” Palmer v Palmer (62 Misc 2d 73), also applicable to the instant case, involved a situation where a petitioner sought to discontinue a habeas corpus custody proceeding. In discussing the applicability of CPLR 3217 (subd [b]), the court held that where a respondent in a proceeding seeks affirmative relief himself, petitioner should not be entitled to initially discontinue the suit. In denying petitioner’s motion, the court stated (p 78) as follows: "Moreover, the courts of this State have traditionally held that in matters involving the welfare of a child, not only the parties to the action, but also the public has an interest in the continuation of the proceeding. (See, e.g., Matter of Rich v Kaminsky, 254 App Div 6.) When such public interest is involved, even where the parties between themselves stipulate to discontinue the action, the court as guardian of the public interest should not allow the proceedings to be terminated without inquiry. [Citing cases.]”
Since the petition in the instant case involves a filiation matter the welfare of the infant child is certainly of paramount concern. The child should have a legal right to share in her natural father’s fortunes, for both support and intestacy. In addition, and this can only be determined after a hearing, *884 the best interests of the child may even indicate that custody and/or visitation rights should be granted to the child’s natural father. Furthermore, in Palmer v Palmer (supra, p 78), it is stated "the public has an interest in the continuation of the proceeding” since there is a possibility that the child may be eligible for public assistance.
In addition to the infant child and the public having a substantial interest in these proceedings, so does the respondent. The Supreme Court’s decision in Stanley v Illinois (405 US 645), is one of the foremost cases where the judiciary recognized the rights of unwed fathers. The court therein held that he is entitled to a hearing on his fitness as a parent before his children could be taken from him. Since that time, the New York courts have ruled on this issue. In Matter of Malpica-Orsini (36 NY2d 568, cert den sub nom. Orsini v Blasi, 423 US 1042), the Court of Appeals held that while the consent by a father of a child born out of wedlock is not needed in an adoption proceeding, he must be given an opportunity to be heard. (See, also, Matter of Sean, 86 Misc 2d 16.)
There have also been a number of cases in our courts involving the rights of a putative father to institute a filiation proceeding. Matter of Roe v Roe (65 Mise 2d 335), was a Family Court decision where the court held that a putative father is not authorized to originate a paternity proceeding and that his remedy would be to institute an action by habeas corpus in the Supreme Court for a declaratory judgment. However, in Crane v Battle (62 Mise 2d 137), the Family Court Judge ruled that the applicable court statute should be construed liberally and accordingly permitted the putative father to initiate the action. The court in Crane also held that it would be unconstitutional to deprive a petitioner of access to the Family Court in a paternity proceeding, solely because he is a male. (See, also, Fatjo v Bush, NYLJ, April 7, 1976, p 14 col 5.) Research discloses only one decision of our appellate courts which discusses this area. In Matter of J. (Anonymous) (50 AD2d 890), the putative father was seeking an order of filiation from the Family Court. In reversing the lower court’s order which dismissed his application, the Appellate Division determined that the Legislature’s intent would be fulfilled by the entry of the order.
Notwithstanding these recent court decisions, this court recognizes that the question of whether a putative father may *885 institute an article 5 of the Family Court Act proceeding has not been clearly decided. There is no guarantee that if petitioner’s motion in the instant case were granted that respondent would be entitled to initiate a proceeding on his own behalf. Clearly then, his rights might be prejudiced.
These inherently discriminatory practices facing the Judges of our court, however, have not gone unnoticed. A bill was recently sponsored in our State Assembly (No. A 9273) by Congressman Blumenthal which, if passed, would extend the rights of out-of-wedlock fathers. The bill permits an out-of-wedlock father to initiate article 5 proceedings to declare him the father of a child, without his having to rely on a third party to file a petition. Furthermore, the bill also seeks to amend section 111 of the Domestic Relations Law, and permit certain out-of-wedlock fathers the same rights as legitimate fathers in adoption proceedings. Thus, one notes that there is a growing trend to extending to a putative father additional rights where none existed previously. However, until the Legislature acts in this area, the court must carefully examine each case to assure that his rights have not been prejudiced.
Accordingly, upon review of all the facts and circumstances of the case, it is the opinion of this court that in the best interests of the infant child, as well as respondent, that petitioner’s motion for a discontinuance should be denied. The parties are directed to appear on August 5, 1976 at 2 p.m. at Part I for a hearing on the paternity petition. If an order of filiation is entered, respondent may then seek to litigate the issue of visitation and custody.