Howard Miller, J.
The within application is presented by way of a motion to dismiss the petition herein which petition seeks to have the custody of the infant, Lisa Shuart, awarded to the petitioner, Lisa Johnstone, her grandmother. The issue presented by the present motion made by the respondent is whether a grandparent is a proper party to institute a custodial proceeding in the Family Court.
The moving papers made the claim that a grandparent’s rights are spelled out by section 72 of the Domestic Relations Law which provides that a grandparent’s rights are only to proceed by a writ of habeas corpus in the Supreme Court and then only for visitation.
There has been dialogue on the issue of visitation as being the same as or a limited version of custody (Matter of Anonymous v Anonymous, 56 Misc 2d 711). The case of Matter of Juan R. v Necta V. (55 AD2d 33) in discussing visitation and custody held at page 35 that: "it is now well established that the standard of adjudication in either instance [visitation and custody] is precisely the same, i.e., the 'best interests’ of the child (see Anonymous v Anonymous, 34 AD2d 942; People ex rel. Meredith v Meredith, 272 App Div 79, affd 297 NY 692).”
The doctrine in the "best interest” of the child is further expounded in the case of Matter of Bennett v Jeffreys (40 NY2d 543) and in Lo Presti v Lo Presti (40 NY2d 522, 527) as "best interest” of the child relates to their relationship with the grandparent.
Section 72 of the Domestic Relations Law merely provides an alternate method to bring on the question of visitation. This relief is not exclusive. Family Court Act provides for the hearing of matters of custody: "Section 651 of the Family Court Act, 'Jurisdiction over habeas corpus proceedings and petitions for custody of minors’ * * * (b) When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in *274 addition to its own powers, proceedings brought by petition and order to show cause, for the determination of the custody of minors.” (Matter of King v King, 83 Misc 2d 1019.)
Custody of the child is the issue and it does not depend on whether a proceeding is brought by writ of habeas corpus or by order to show cause (Matter of Bridgewater v Bridgewater, 82 Misc 2d 812).
While the parent’s right is superior to the nonparent (Matter of Kimberly P., 84 Misc 2d 887) that right is subject to the "best interest” of the child. Once the Family Court obtains jurisdiction it has the authority to determine that issue even over the objection of the natural parent and in a recent case a grandparent was entitled to maintain a visitation proceeding even over the objections of the natural parent (Matter of Boscia v Sellazzo, 42 AD2d 781; Matter of Arroyo v Torrez, 49 AD2d 904).
Section 72 of the Domestic Relations Law provides an alternate method of commencing a visitation proceeding by a grandparent. The Family Court Act, however, expressly provides that a petition for the custody of a child may be filed in the first instance in the Family Court (Family Ct Act, § 651, subd [b]). The language of the statute does not differentiate as to who may institute such proceeding. There being no limitation on the parties moving the application the within order to show cause seeking custody of the child herein is a proper petition before the court and the motion to dismiss the petition is denied.