OPINION OF THE COURT
Raymond J. Barth, J.
The above-captioned matter was commenced by the filing of a petition and order to show cause on May 11, 1983, wherein the petitioner, the paternal grandfather of the subject child, sought visitation rights with the child.
On June 13, 1983, the respondent moved to dismiss the petition upon the ground that “the only procedural remedy available to grandparents for visitation rights is by a writ of habeas corpus” not by petition and order to show cause. The court reserved decision and directed that legal memoranda be submitted to the court within 10 days.
Section 72 of the Domestic Relations Law provides that grandparents may seek visitation rights in the Supreme Court by writ of habeas corpus. The statute does not provide for proceeding by petition and order to show cause. The respondent maintains that since section 651 of the Family Court Act gives the Family Court the same jurisdiction as the Supreme Court in such matters, that grandparents must seek visitation by writ of habeas corpus only.
However, as pointed out by the petitioner, section 651 not only gives the Family Court the same powers as the Supreme Court, but it expressly provides that such powers *1064 are in addition to the Family Court’s powers. The Family Court Act does permit actions for visitation to be commenced by petition and order to show cause as well as by writ of habeas corpus. Subdivision (b) of section 651 of the Family Court Act, as amended effective as of June 8,1983, provides as follows: “When initiated in the family court, the family court has jurisdiction to determine, with, the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors”. (L 1983, ch 250.)
It is the determination of this court that an action brought by grandparents for visitation may be commenced by either a writ of habeas corpus or a petition and order to show cause in the Family Court. “Section 72 of the Domestic Relations Law merely provides an alternate method to bring on the question of visitation. This relief is not exclusive.” (Matter of Johnstone v Shuart, 91 Misc 2d 272, 273.)
Now, therefore, it is
Ordered, that the respondent’s motion to dismiss the petition, be and the same hereby is denied; and it is further
Ordered, that this matter be set down for further proceedings on September 26, 1983, at 9:30 o’clock in the forenoon of that day.