Margaret Mary J. Mangan, J.
The petitioner, Temporary State Study Commission to Investigate the City of Hew York (commonly referred to as the Scott Commission) commenced the within proceeding to compel the respondent Edwin Greenidge to comply with a subpoena served upon him by the commission.
The Scott Commission was established by special legislative enactment (L. 1971, ch. 413, as amd. by L. 1972, ch. 280, § 6, hereinafter referred to as the Act) ‘ ‘ to investigate and hold public hearings on present management, structure, organization and the fiscal and governance practices of the city of Hew York and the agencies thereof” (Act, § 4, subd. 1) and to propose legislation “which may be necessary and desirable for the attainment of economy, efficiency and improved management.” (Act, .§ 4, subd. 2).
In furtherance of such purpose, the commission subpoenaed the respondent Greenidge, Deputy Administrator of the Housing and Development Administration (HDA), to testify as a witness in connection with the commission’s inquiry into the management and operation of HDA. The respondent Greenidge appeared before the commission on June 13, 1972, was sworn as a witness, but declined to testify on advice received from the Corporation Counsel of the City of Hew York that petitioner had no authority to conduct a hearing unless at least two members of the five-member commission personally attend the hearing. The commission denies it is subject to any such restriction.
Respondent relies upon subdivision 9 of section 73 of the Civil Rights Law, which provides: “Ho temporary state commission having more than two members shall have the power to take testimony at a public or private hearing unless at least two of its members are present at such* hearing.”
The narrow issue before this court is whether the subsequently enacted special legislation creating the Scott Commission exempted the commission from the provisions of subdivision 9 of section 73 of the Civil Rights Law and dispensed with requiring two members of the commission to be present at every hearing.
Section 5 of the Act establishing the commission states, in pertinent part, as follows:
*712 “ § 5. For the accomplishment of its purposes, the commission may: * * *
“ c. conduct private and public hearings and to designate one or more members of the commission or of its staff to preside over any such hearings.
“ d. administer oaths or affirmations, subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence it may deem relevant or material to an investigation ; and the commission may designate any of its members op any member of its staff to exercise any such power. ” (Emphasis supplied.)
Tfie clear, unrestricted wording of subdivisions c and d of section 5 considered in conjunction with the Act as a whole and the purposes sought to be accomplished, compel the conclusion that the Legislature intended to permit the Scott Commission to delegate to its staff the authority to conduct and to preside over hearings, without the requirement that two members of the commission be present at every hearing.
The Act closely parallels prior legislation creating the Temporary State Commission of Investigation (SIC) (L. 1958, ch. 989, as amd.), and comparison of the two statutes gives unmistakble evidence of legislative intent. In establishing the SIC, the Legislature utilized language comparable to the previously quoted provisions of the Scott Commission Act (Act, § 5, subds. c, d) but with reference to the SIC, the Legislature added an additional provision which expressly required the presence of at least two members of that commission at every hearing. Significantly, no such requirement is contained in the Act creating the Scott Commission.
The reason is obvious. The Legislature was mindful of the urgency and enormity of the task confronting the Scott Commission, the limited time within which it has to function and the fact that the five members of the commission do not serve in a full-time capacity and do not receive a salary, and it understandably undertook to dispense with the impractical requirement of having two members of the five-member commission present at every hearing. A contrary construction of the Act would effectively frustrate the Legislature’s express purpose in establishing the Scott Commission in the public interest, and would foredoom the commission to failure. If the commission were so soon to be “done for” one might wonder what it was “ begun for.”
I find, therefore, that the subsequently enacted special legislation creating the Scott Commission is inconsistent with the *713 provisions of subdivision 9 of section 73 of the Civil Rights Law, and that ‘ ‘ under familiar rules of statutory construction * * * a subsequently enacted statute for a special purpose, must be deemed to take precedence over a statute which is general in scope and application.” (Martinis v. Supreme Ct., 15 N Y 2d 240, 249).
Consequently, there was no basis for the respondent’s refusal to testify before the Scott Commission, and he is directed to comply with the subpoena and to testify at a time and place to be specified in the order to be settled hereon.
As previously indicated, the Corporation Counsel of the City of New York has undertaken to offer legal representation to witnesses appearing before the Scott Commission. While this court is extremely dubious about the propriety of such representation at hearings before the commission, which are informational in character and not adversary proceedings, the issue was not raised in the moving papers and is not properly before the court.