Evans V. Brewster, S.
This is an application brought by an intestate distributee of the testatrix to vacate an executors’ accounting decree made by this court on February 5, 1974. This decree settled the executors’ account and as an incident thereto determined a question presented for construction with respect to article Sixth of testatrix’ will concerning the disposition of testatrix’ residuary estate in which her intestate distributees have an interest.
The testatrix had divided her residuary estate into six equal parts and created four separate trusts therefrom. The executors requested a construction because three of the four persons for whom the trusts were created had predeceased testatrix. The executors therefore requested the court to determine whether or not the entire residuary estate or only a part thereof was to be held in trust for the benefit of testatrix’ sister, Dorothy, who had survived her. The intestate distributees were made parties to the accounting proceeding because article Sixth of the will directed payment of the trust remainders "to the persons who would then be my distributees as if I had then died intestate”.
*88 The citation issued by this court and served upon each distributee specifically referred to the question presented for construction, to wit: "Why the Court should not construe the Last Will and Testament of the Decedent and judicially determine the meaning and effect of the provisions of Article Sixth, Last Will and Testament of the Decedent, to wit, whether the entire residuary estate is to be placed in trust for the benefit of Dorothy Houghton during her lifetime, subject to her rights to withdraw a portion of the principal of that trust in accordance with the provisions of sub-paragraphs F, G, and H of Article Sixth, or whether one-sixth of the residuary estate is to be placed in trust, for the benefit of Dorothy Houghton during her lifetime, subject to her rights to withdraw a portion of the principal of that trust in accordance with the provisions of sub-paragraphs F, G, and H of Article Sixth, and five-sixths of the residuary estate is to be distributed to the distributees of Ruth H. Axe, deceased, in accordance with the laws of intestate succession in effect on the date of death of Ruth H. Axe, deceased; and why the Court should not grant such other and further relief as the Court may determine just and proper.”
The court rendered its construction (Matter of Axe, NYLJ, Jan. 4, 1974, p 19, col 3) and held that one part of the residuary should be held in trust for the benefit of Dorothy and that the remaining five sixths should be paid not to the distributees but rather to Dorothy, outright. The decision of the court was based upon the implied intent of testatrix which arose from her having expressly provided for the payment of any postdeceased beneficiary’s share to the other surviving trust beneficiaries. Thus, the court did likewise with respect to the shares of the predeceased trust beneficiaries.
None of the distributees appeared in the proceeding. Apparently they were content to rely upon others to brief the question and to have the court reach its determination without the benefit of their thoughts. However, the distributee who has brought this application for vacatur claims that his failure to appear was brought about from the wording of the citation. In fact he claims that the wording of the citation was such that the court lacked jurisdiction to determine the constructional question because the citation did not set forth "the object of the proceeding and the relief sought (within the requirements of SCPA 306(l)(d)”. Moreover, he is charging the executors and their firm of attorneys with fraud "in that they *89 misrepresented in the citation the relief being requested in order to deceive and mislead the intestate distributees.”
In short, it appears that this distributee was under the impression that the court would or could only construe the will in one of two fashions and that under either construction his interest as a distributee would not be adversely affected. While such may have been his view, there are several reasons why this erroneous belief may not now form a valid basis for vacatur of the accounting decree.
To begin with, the court does not share this distributee’s view concerning the language of the citation with respect to its alleged deficiency in failing to place him on notice of the relief sought. SCPA 306 (subd 1, par [d]) requires a citation to "substantially” set forth the object of the proceeding and the relief sought. The citation under review here clearly meets that test. At the very outset, a potential respondent is immediately apprised that the court is being called upon to "construe” decedent’s will and to "judicially determine the meaning and effect of the provisions of article Sixth”.
The fact that the citation posed the question for construction in a dichotomous fashion is irrelevant. The point is that the respondent was given notice — by clear and concise language — that construction of that paragraph of the will was to be made. Certainly no one would argue the point that the court, in reaching its determination would be bound by the manner in which the question was framed in the citation or the fact that the executors chose to particularize the construction as they did. Indeed, the very language of the citation itself gave notice that it would not be so bound. The phrase "and why the court should not grant such other and further relief as the court may determine just and proper” certainly constituted notice of such fact. Nevertheless, regardless of the respondent’s personal awareness of these matters, he was still free to pursue his rights by appearing in the proceeding and protecting his interests however he thought appropriate. He chose not to do so. Therefore, he is bound by such omission.
Even more persuasive, however, is the fact that the court may construe a will in an accounting proceeding even though no construction is originally requested by any party. SCPA 1420 (subd 2) specifically so provides: "2. If in any proceeding for the judicial settlement of an account of a fiduciary any question is presented by any party to the proceeding respecting the propriety of any debit or credit in the account, the *90 determination of which involves the validity, construction or effect of any portion of the will which requires such construction the presentation of the question shall have the same effect as if the petition had expressly requested a construction of the particular portion of the will involved in such determination.”
It should be noted that in such cases where this statute is applied, no supplemental citation or notice of any kind is given to anyone previously cited that a construction is to be made. The court reaches its determination by construction of the will and all parties to the proceeding are bound thereby (SCPA 1420, subd 4) irrespective of their appearance in the proceeding or knowledge of the fact that a construction may or may not take place. In the case at bar of course, the distributees knew that a construction was going to take place —the citation so stated.
The request to set aside this decree because it was obtained through fraud allegedly practiced by the attorneys for the executors is groundless. The charge apparently is made on the erroneous belief that the citation was issued by the attorneys. A citation, while in many instances prepared by an attorney, is issued not by the attorney but rather by the court. It is "attested in the name of the judge of the court and by the seal of the court” (SCPA 306, subd 1). Professor Siegel’s Commentary to this section (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 306, pp 335-336) draws attention to this distinction: "The citation will continue to issue by the clerk (in contrast with the practice in the supreme court and other New York courts of civil jurisdiction, where the summons is issued by the attorney). The attorney generally prepares the citation and takes it (or them) to the clerk, who issues it in the name of the court and seals it.”
The request by the executors for a construction of testatrix’ will in this accounting proceeding first had to be formally entertained by the court (SCPA 1420, subd 1) before the citation could issue. This, like many other proceedings in Surrogates’ Courts, requires a technical preliminary application to the court before the proceeding can be commenced. As Professor Siegel states in his commentary (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 306, p 336): "Process cannot issue until that application is 'entertained’.” Thus, it is evident in cases in which the *91 petition must first be "entertained”, the court controls both the form and content of its process. Therefdre, even if an inaccuracy were contained in the citation, the ultimate fault would not lie with the attorneys.
Neither does the court find any merit to the argument that the attorneys were bound to espouse a specific position in the constructional phase of the proceeding by virtue of the language of the citation. Thé attorneys were free to brief the question as they deemed appropriáte and did so.
Accordingly, the court finds (1) that the citation issued in the accounting proceeding stated the object of the proceeding and the relief sought within the requirements of SCPA 306 (subd 1, par [d]); (2) that this court thereby acquired jurisdiction over those parties served and the subject matter of the proceeding; and (3) that the action taken by the executors’ attorneys in no way constitutes fraudulent conduct to warrant the vacating of the decree of this court made on February 5, 1974.
Application for Vacatur denied.