◼ In the Matter of the Estate of ROBERT B. SAMSON, Deceased. BERNARD SAMSON, as Executor of ROBERT B. SAMSON, Deceased, Appellant; RITA FLANSBURG et al., Respondents.—Decree unanimously reversed, without costs, and matter remitted to Lewis County Surrogate's Court for further proceedings in accordance with the following memorandum: Bernard Samson, executor of the estate of Robert B. Samson, appeals from a decree of Surrogate's Court entered May 16, 1977, which purports to be a "resettlement" of a decree entered November 22, 1976, construing a paragraph in the will of appellant's testator. Although no grounds for resettlement are stated, it appears from a reading of the two decrees in comparison with the court's memorandum decision following a construction proceeding, that the

second decree was an unsuccessful attempt to bring it into conformity with the court's decision. The first ordering paragraph of the decree of November 22, 1976 purports to construe paragraph "Fifth" of the will and distribute testator's property thereunder. That paragraph of the will was not a part of the construction proceeding nor of the court's decision and was thus not properly included in the decree. The first ordering paragraph of the decree of May 16, 1977, the subject of this appeal, purports to authorize the rescission of releases executed by certain legatees upon repayment by them of $2,000 each to the estate. However, it appears that the executor, Bernard Samson, paid such sum to those legatees personally in consideration of their release of their rights under the will. Moreover, it is not clear whether the Surrogate meant to authorize rescission of those releases or whether he merely meant to provide that those legatees could join as parties to the construction proceeding upon temporary payment of the $2,000 each into court. It is within the inherent power of the court for the Surrogate to modify its own judgment for sufficient reason and in the furtherance of justice (Ladd v Stevenson, 112 NY 325; Michaud v Loblaws, Inc., 36 AD2d 1013; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12; 9 Carmody-Wait 2d, NY Civ Prac, § 63:174). This should be done, however, on notice to all parties setting forth the proposed grounds for modification so as to make the decree conform to the court's decision. (Appeal from decree of Lewis County Surrogate's Court—will construction.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.