In the Matter of DAVID F. RIKER et al., Appellants, v NEW YORK STATE COMMISSION ON GOVERNMENT INTEGRITY, Respondent.

Third Department, January 25, 1990

APPEARANCES OF COUNSEL

*Vincent J. McArdle, Jr. (Harvey, Harvey & Mumford [Brian F. Mumford]* of counsel), for appellants.

*Kim E. Greene, Peter Bienstock* and *Andrew Schulz* for respondent.

**OPINION OF THE COURT**

MIKOLL, J.

Petitioners seek to quash subpoenas issued by respondent on the ground that respondent is a temporary State commission within the meaning of Civil Rights Law § 73 (9) which requires that at least two of its members be present during testimony of witnesses and that respondent's failure to hold such two-member hearings renders the proceedings null and void. Respondent, on the other hand, seeks dismissal of the appeal as moot since petitioners have already testified and the remedy of quashing the subpoenas would have no practical effect.

Addressing the issues in reverse order, we find preliminarily that the mootness doctrine is inapplicable in the instant circumstances. Generally, an appeal is moot and the appeal should be dismissed unless the rights of the parties will be directly affected by the determination of the appeal. An exception to the doctrine exists if there is a likelihood of repetition of the issue between the parties or among other members of the public, the question is one typically evading review, and the issue involved is significant and novel *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). We find that the instant legal issue is subject to repetition, will typically evade review and is novel and substantial; as such, we shall address it.

We turn then to the sole substantive issue before us—did Supreme Court properly hold that respondent is not a temporary State commission within the requirements of Civil Rights Law § 73 (9) and thus not bound by the requirement of Civil Rights Law § 73 (9) requiring two Commissioners to be present for the taking of private sworn testimony?

Respondent was created by the Governor's Executive Order No. 88.1 (9 NYCRR 4.88) which invoked his authority under

Executive Law §§ 6 and 63 (8).* Respondent was to investigate the management and affairs of State and local governments in respect to the adequacy of laws and regulations relating to maintaining ethical practices and standards, and to make recommendations for action to strengthen and improve these laws, regulations and procedures so as to assure accountability of government and to prevent favoritism, conflict of interest, undue influence and abuse of official position. Seven Commissioners were appointed by the Governor. Respondent has been developing a proposed municipal ethics code, and as part of its inquiry it commenced an investigation into the operation of the government of the City of Albany and its Mayor. That inquiry is focused on laws relating to conflicts of interest and the sale of real property, sponsorship of development projects and solicitation of government business or permits.

The issue was brought to a head after respondent's counsel refused to supply transcripts of depositions of witnesses voluntarily supplied by the City of Albany. Petitioners, David F. Riker and Charles E. Newland, refused to proceed in the absence of an agreement to provide transcripts of their testimony. Respondent then issued subpoenas, served on petitioners, which are being challenged here.

Petitioners challenge Supreme Court's holding that respondent is not a temporary State commission subject to Civil Rights Law § 73 (9). Petitioners urge that a multimember commission as we have here, which is temporary in nature, is more accurately described as a temporary State commission and thus is governed by Civil Rights Law § 73 (9) rather than a commission acting under Executive Law § 6 or a commission appointed by the Attorney-General acting pursuant to Executive Law § 63 (8). We note that Executive Order No. 88.1 states that respondent is appointed pursuant to Executive Law §§ 6 and 63 (8). As Supreme Court pointed out, Civil Rights Law § 73, under the definition of "agency", makes separate references to (1) a commissioner appointed pursuant to Executive Law § 6, (2) a commission appointed by the Attorney-General acting under Executive Law § 63 (8), and (3) any temporary State commission.

---

* Executive Law § 6 grants the Governor power to appoint individuals to investigate the management and affairs of State departments and agencies. In 1951 the Court of Appeals held in *Matter of Di Brizzi* (303 NY 206) that such a commission could also inquire into matters of local government if the Governor's enabling order indicated that he was acting under Executive Law § 63 (8).

There is no statutory definition of "temporary State commission". Other sources are of assistance in discerning its nature and in resolving the question of whether respondent conducted its hearing in accordance with law in this case.

We note that "temporary State commission" derives from NY Constitution, article V, § 3 which provides an exception to the bar against more than 20 civil departments in State government contained in section 2 of article V. NY Constitution, article V, § 3 provides that "[n]othing contained in this article shall prevent the legislature from creating temporary commissions for special purposes" (see, McArdle v Curran, 42 AD2d 85, affd 33 NY2d 810).

Civil Rights Law § 73 was enacted in 1954 (L 1954, ch 414) "to deal with the excesses indulged in by investigating committees of that era" (Matter of Costiglio v Strelzin, 98 Misc 2d 548, 551). At the same time, Legislative Law § 60 was amended to provide that a committee or subcommittee did not have power to take testimony at a hearing unless two members were present (L 1954, ch 416). The Governor's approval memorandum indicated that Civil Rights Law § 73 governs the conduct of legislative and executive investigations and embodies requisites for fairness, and that one of its accomplishments was that the taking of testimony was prohibited "unless at least two members of the legislative committee or commission are present at the hearing" (Governor's mem, 1954 McKinney's Session Laws of NY, at 1392 [emphasis supplied]). The memorandum contains a recognition of a distinction between legislative and executive branch investigations.

The Governor's authority to appoint commissions stems from Executive Law § 6. Temporary commissions can be the creature of both executive and legislative action. Civil Rights Law § 73 (9) applies to the latter.

■ Commissions created pursuant to the Governor's authority are commonly known as "Moreland Commissions" (Matter of New York Republican State Comm. v New York State Commn. on Govt. Integrity, 138 Misc 2d 790, 793, affd 140 AD2d 1014, lv denied 72 NY2d 803). We conclude that the strictures of Civil Rights Law § 73 (9) on the actions of legislatively created temporary State commissions are inapplicable to a Moreland Commission. Respondent is a creature of the Governor's authority and action and, as such, we find that two-commission member hearings are not required. We note,

however, that Executive Order No. 88.1 indicates that respondent is to comply with Civil Rights Law § 73 (9 NYCRR 4.88), which guarantees to petitioners a panoply of due process rights.

We find petitioners' reliance on *Matter of Temporary State Study Commn. to Investigate City of N. Y. v Greenidge* (70 Misc 2d 710, *affd* 40 AD2d 601, *affd* 31 NY2d 691) to be inapplicable. *Greenidge* involved the question of whether legislation enacted subsequent to Civil Rights Law § 73 (9) creating the petitioner in that case could dispense with the requirement that two commission members be present during testimony of a temporary State commission. The court determined that the subsequently enacted statute for a specific purpose took precedence over Civil Rights Law § 73 (9), which was general in scope. In affirming the decision on appeal, the First Department noted that Civil Rights Law § 73 (9) continued in effect for every other temporary State commission having more than two members *(Matter of Temporary State Study Commn. to Investigate City of N. Y. v Greenidge,* 40 AD2d 601, *supra).*

Accordingly, Supreme Court properly denied petitioners' motion to quash the subpoenas issued by respondent.

KANE, J. P. (dissenting). I respectfully dissent. In my view, a fair and equitable reading of Civil Rights Law § 73 leads to the conclusion that respondent was required to afford petitioners the protection of having at least two of its members present during petitioners' subpoenaed testimony. Inherent in such a conclusion is that respondent is a "temporary state commission" for purposes of section 73 (9) application.

In creating respondent, the Governor unequivocally required it to "comply with section 73 of the Civil Rights Law" (Executive Order No. 88.1 [9 NYCRR 4.88]). As the majority points out, Civil Rights Law § 73 applies to several "agencies" as they are defined therein (Civil Rights Law § 73 [1]), including a commissioner appointed pursuant to Executive Law § 6 and the Attorney-General acting pursuant to Executive Law § 63. Although the Governor relied generally on those sections of the Executive Law for authority in creating respondent, I find nothing in that appointment that so defines respondent as to limit the application of Civil Rights Law § 73 and render subdivision (9) thereof inapplicable. On the contrary, defining respondent as "a temporary state commission" in such fashion as "those words would be commonly understood", in the

context with respondent's purpose to address weaknesses relating to government integrity, brings respondent directly within the requirements of Civil Rights Law § 73 (9). I would note here that respondent has recently adopted the position before this court that it is an "agency" of the State for purposes of the automatic stay provided by CPLR 5519 *(see, Matter of Spargo v New York State Bd. of Elections,* App Div, 3d Dept, Dec. 29, 1989 [unpublished]).

The need to protect against "the excesses indulged in by investigating committees" *(Matter of Costiglio v Strelzin,* 98 Misc 2d 548, 551) exists no less today than in 1954 when Civil Rights Law § 73 was enacted. In my view, respondent seeks court approval to conduct "hearings" before unspecified members of its staff and a fair reading of Civil Rights Law § 73 (9) should not countenance such an "excess". Accordingly, I would modify Supreme Court's order by reversing so much thereof as denied petitioners' motion to quash the subpoenas issued by respondent.

YESAWICH, JR., MERCURE and HARVEY, JJ., concur with MIKOLL, J.; KANE, J. P., dissents and votes to modify in an opinion.

Order affirmed, without costs.