■ In the Matter of NATIONAL BANK & TRUST COMPANY OF NORWICH, N. A., et al., as Cotrustees of Trusts Made by GEORGE L. MANLEY and Another, Appellants. MARGARET M. HOOD et al., Respondents. (And Two Other Related Proceedings.)—Weiss, J. Appeal from an order of the Surrogate's Court of Chenango County (O'Brien, III, S.), entered October 13, 1988, which, *inter alia,* vacated a prior order.

In the proceedings underlying this appeal, petitioner National Bank & Trust Company of Norwich, N. A. (hereinafter NBT) sought judicial settlement of its accounts as corporate trustee of two testamentary trusts under the separate wills of George L. Manley and Esther P. Manley, each for the benefit of their daughter, respondent Margaret M. Hood (hereinafter Hood), and her children. In the Esther P. Manley testamentary trust, petitioner W. Carroll Coyne served as cotrustee with NBT. In addition, NBT had served as cotrustee of two inter vivos trusts, one made by George L. Manley and a second by Esther P. Manley, both trusts being for the benefit of Hood and her children. Petitioner Thomas M. Flanagan had

served as cotrustee with NBT in both inter vivos trusts. Hood was given the power in all four trusts to remove the corporate cotrustee and substitute successors. Coyne was given the same power as cotrustee under the testamentary trust established in the Esther P. Manley will.

On September 4, 1987, Hood, who now resides in Oregon, decided to replace NBT as corporate trustee of all four trusts and named respondent First Interstate Bank of Oregon, N. A. (hereinafter FIB) as successor. Coyne acceded to Hood's action and pursuant to an informal agreement between the two banks, trust assets of the estimated value of $4,453,307 were transferred by NBT to FIB. On December 23, 1987 NBT petitioned for judicial settlement of its account in the George L. Manley testamentary trust and, jointly with Coyne, similarly petitioned in the Esther P. Manley testamentary trust. After issuance of a citation to Hood, her three daughters and FIB in the two accounting proceedings, Surrogate's Court ultimately granted an order dated March 4, 1988 making no determination in the accountings, but instead directing FIB to return to the custody of NBT all trust assets previously transferred to it. Hood and FIB thereafter secured an order in the United States District Court in Oregon in May 1988 temporarily restraining NBT, Coyne and Flanagan from interfering with the use and management of the assets of the inter vivos and testamentary trusts by FIB as successor trustee.

On June 10, 1988, NBT and Flanagan filed petitions for judicial settlement of their accounts as trustees under the inter vivos trusts and further sought an order enforcing the March 4, 1988 order. Hood and FIB responded by proceeding in Surrogate's Court seeking vacatur of the March 4, 1988 order. The Surrogate recused himself and was succeeded by an Acting Surrogate, who, after a hearing, vacated the March 4, 1988 order and denied petitioners' renewed applications for return of the trust assets. Petitioners have appealed.[1]

Initially, we reject Hood's contention that this appeal has been rendered moot following the November 25, 1988 order appointing FIB as successor corporate trustee. A determination in this appeal of the propriety of the March 4, 1988 order will directly affect petitioners' rights in other pending actions (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Riker v New York State Commn. on Govt. Integrity, 153 AD2d 158, 159).

---

1. By order made November 25, 1988, Surrogate's Court duly appointed FIB as successor trustee to NBT in all four trusts. There has been no objection to or appeal taken from that order.

The central issue is whether the decision of Surrogate's Court made orally at the September 14, 1988 hearing was proper.[2] The decision was based upon a finding that lack of proper notice to Hood and FIB deprived the court of jurisdiction to make the March 4, 1988 order, and further, that there had been no showing of necessity for the return of trust assets to actual or constructive possession of NBT. We agree and affirm.

Resolution of the case distills to whether the citation issued December 23, 1987 returnable on February 12, 1988 complied with the requirements of SCPA 306 (1) which in relevant part states that "[a] citation must substantially set forth * * * (d) The object of the proceeding and the relief sought." The citation issued in the estate of Esther P. Manley stated, "You and each of you are hereby cited to show cause * * * why the account of W. Carroll Coyne and [NBT] as Co-Trustees of said deceased should not be judicially settled and allowed." The same words appear in the simultaneous citation in the estate of George L. Manley. The petition by Coyne and NBT sworn to December 23, 1987 bears the legend "Petition for Voluntary Accounting and Substitution of Co-trustee" in the Esther P. Manley estate. That petition requested substitution of FIB as trustee for NBT and asserted that FIB is fully qualified under New York law to serve as successor cotrustee, that FIB has consented in writing to act as successor cotrustee, and that petitioners are desirous of rendering an intermediate accounting of their proceedings. FIB is included as a person who has an interest and to whom process must issue pursuant to SCPA 2210. The petition by NBT sworn to on even date as trustee in the George L. Manley estate mirrors the petition in the Esther P. Manley estate.

A notice from the Surrogate's Court dated January 14, 1988 bearing the words "For Information Only" was sent to the parties giving notice that the hearing was adjourned on the court's own motion from February 12, 1988 to February 29, 1988. The record does not include a transcript of what occurred before Surrogate's Court on that date. It appears that neither Hood nor FIB were present or represented. Petitioners' brief asserts that they informed the court that Hood had breached an informal agreement regarding the transfer of

---

2. The record does not include a copy of the written vacatur order. However, the notice of appeal is from the order made September 14, 1988, entered October 13, 1988 and served on counsel January 27, 1989 indicating that there was a written order.

trust assets to Oregon and designation of FIB as successor corporate Trustee by commencing a lawsuit against NBT in Oregon State Court, and that the New York trustees expressed their intent to withdraw their request for substitution of FIB as successor corporate trustee of the four Manley trusts, and in addition sought an order for return of trust assets. An affidavit by John Cook, NBT trust officer, was submitted in support of the application. Hood and FIB contend that this affidavit was presented to Surrogate's Court ex parte without motion papers and without notice of any kind to respondents. An oral decision made by Surrogate's Court that day was formalized in writing on March 4, 1988.

We find these events disingenuous at best. Initially, we note that although the petitions, citations and orders related solely to the accounting of the testamentary trustees, Surrogate's Court, without petition or application, ordered that the assets of the inter vivos trusts be returned. We find no basis for such an order. Second, the citation failed to provide notice adequate to satisfy minimum due process requirements. A citation must substantially set forth the object of the proceedings and relief sought (SCPA 306 [1] [d]) and be of such nature as to reasonably convey the required information *(see, Mullane v Central Hanover Trust Co.,* 339 US 306, 312-314). The proceedings here were, as stated, for judicial settlement and substitution of a trustee with nothing to indicate or even infer that NBT withdrew its consent to substitution and sought the return of trust assets. In fact, to the contrary, the petition sought confirmation of the substitution of FIB. Petitioners' reliance on *Matter of Axe* (89 Misc 2d 86) is misplaced, for there the citation stated in clear and concise language that construction of a paragraph in the will was to be made through a judicial determination of the meaning and effect of the provision. Here, neither the petitions nor citations gave any notice or indication whatsoever of what was to take place. Finally, Surrogate's Court correctly found that petitioners failed to demonstrate a necessity for the return of trust assets in the control of FIB at the direction of Hood and with the assent of NBT and its cotrustees. Petitioners, in postargument submission, urge that *Matter of Turrentine* (83 Misc 2d 170) and SCPA 710 (4) require the return of trust assets to New York. Again, we disagree. The court in *Turrentine* found that the testator's explicit intention was to retain situs of estate assets in this State. At bar, George L. Manley and Esther P. Manley as settlors and testators made specific provisions for Hood to substitute trustees and thereby change the location of trust

assets. Here, the transfer was made by NBT, not Hood or FIB. Because the court has now approved FIB as successor trustee, we find little merit in petitioners' argument.

In addition, Surrogate's Court conditioned its vacatur order upon Hood and her three daughters filing a sworn statement agreeing not to make any claim against NBT for violation of its investment responsibility arising out of the transfer of trust assets to FIB. In sum, the vacatur order was properly made.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.