OPINION OF THE COURT
Edmund A. Calvaruso, S.
*483 Background
In August of 1997 the estate’s fiduciaries commenced a proceeding seeking two separate forms of relief. First, they requested that the court review their intermediate account, approve the liquidation of the large parcel of real estate, and approve the distribution of the proceeds to the beneficiaries. The account represented approximately one half of this illiquid estate, and petitioners were desirous of a judicial settlement since the estate had already been open over 10 years. The second request for relief, which is at issue in the instant proceeding, was a request for direction on how to pay the bequests otherwise due to Cosmo and Thomas Plantone. Cosmo and Thomas Plan-tone were having financial difficulties and had assignees, judgment creditors and a bankruptcy trustee all seeking payment from their bequests.
Neither of the Plantones made an appearance in the August 1997 proceeding, and defaults were entered against them both. The Surrogate (Ciaccio, S.) found that the assignments made by Cosmo and Thomas Plantone were valid, and authorized payment preferentially to the respondents herein, Ridge Lumber, Inc. and Mas-Ann Plumbing and Heating, Inc., and also to Almerino Pappano, a third assignee who has not appeared in this proceeding. An intermediate decree of judicial settlement was signed on December 16, 1997 incorporating language ordering payment to the assignees.
The dispute currently before the court involves the validity of language found in this 1997 decree. The decree stated, in part, that interest was to be paid on the assignments made by Thomas and Cosmo Plantone: “Ordered, adjudged and decreed that interest on the amounts owed to the assignees of the interests of Cosmo A. Plantone and Thomas R. Plantone be paid at a flat rate of 5% per annum, payable from the date of the filing of each assignment.”
Petitioner now raises issue with respect to the Surrogate’s jurisdiction and power to include such a paragraph in the decree. Though this proceeding was facially brought under SCPA 1809, petitioner is effectively requesting this court to vacate the portion of the 1997 decree which refers to interest payable on the assignments. The parties provided memoranda of law on the topic of vacatur of a Surrogate’s Court decree, and discussed the strength of petitioner’s arguments advocating the same.
*484 Decision
Though the law prefers finality and permanency to decrees, Surrogate’s Court clearly has the power to open, vacate or modify its own decrees.[1] Whether or not to do so is within the discretion of the surrogate.[2] The bases for vacating a decree or order can be found in CPLR 5015,[3] which include fraud, misrepresentation, newly discovered evidence or lack of jurisdiction. Petitioner claims that the 1997 decree ought to be vacated or modified based upon the latter. Petitioner’s argument is essentially that the court did not obtain personal jurisdiction over Cosmo and Thomas Plantone in 1997, because the citation issued on the judicial settlement proceeding was vaguely and restrictively worded and thus did not suffice as due process.
The requirements for the contents of a citation are listed in SCPA 306. The statute reads in pertinent part, “a citation must substantially set forth . . . [t]he object of the proceeding and the relief sought in the petition.”[4] The question currently before this court is whether the language in the 1997 citation complied with the statute and represented due process. This court finds that it did.
In Surrogate’s Court, citations are process, and they are issued by the court rather than a party.[5] Citations must give interested parties an adequate basis to determine whether or not to make an appearance in, and possibly contest, the proceed *485 ing. For example, citations to probate proceedings must be accompanied by a copy of the will[6] and citations to accounting proceedings must be accompanied by a copy of the account.[7] Parties are then able to review the documents and determine whether to contest the relief requested. Though citations must contain the necessary specificity, they need not make arguments or even alert parties to any potential arguments which might exist. Citations on construction proceedings, for instance, need not advocate or disclose any particular interpretation of the will; they are sufficient if they put parties on notice that the court is about to “construe a will provision, the construction of which may affect their interests.”[8]
In Matter of Axe,[9] petitioner was cited in a will construction proceeding wherein the court was asked to construe a will to determine whether decedent’s residuary was payable to a named beneficiary or to her distributees. Petitioner, a distributee, defaulted. Petitioner later sought to vacate the construction decree, arguing that the court did not obtain jurisdiction over him due to the fact that the citation did not seek a specific construction from the court: “[H]e claims that the wording of the citation was such that the court lacked jurisdiction to determine the constructional question because the citation did not set forth ‘the object of the proceeding and the relief sought within the requirements of SCPA 306(l)(d).’ ”[10]
The court denied the vacatur request, holding that a citation is sufficient due process if it alerts a party that his or her bequest may be affected by the proceeding.
Applying the logic of the Axe court to this case, a citation requesting advice and direction regarding the payment of shares need not suggest a proposed plan of payment, as long as it puts parties on notice that their bequests are at issue in the proceeding. The language in the 1997 citation is broad enough to include the possibility that none of the Plantones’ bequests could be paid to them at all. This is particularly true when placed into context. The 1997 judicial settlement petition listed as interested parties various judgment creditors of the Plan-tones, as well as a bankruptcy trustee. Furthermore, the accounting listed the amounts due all judgment creditors and it *486 was clear that the sum of all judgments exceeded by far the estimated size of the Plantones’ bequests.[11] Therefore it was reasonably foreseeable to Cosmo and Thomas Plantone that the shares of their father’s and grandfathers’ (respectively) estate could all be ordered payable to creditors. Under an occasion where the Plantones could conceivably lose all right to their shares, the application of interest is a minor issue. In other words, Cosmo and Thomas Plantone could do no worse than to inherit nothing, and given that that possibility falls adequately under the auspices of the citation’s language, the citation was also adequate notice that more than the face value of the assignments may be deemed payable from the bequests.
Even if, however, petitioner had succeeded in convincing this court that the 1997 citation was not due process of law with respect to Cosmo and Thomas Plantone, his request must still be denied. If indeed this court had no jurisdiction over Cosmo and Thomas Plantone in 1997, the decree which the court entered would not be invalid; it merely would be open to relitigation by Cosmo or Thomas Plantone. A decree entered without jurisdiction over one of the parties is still valid as to the other parties in the proceeding over whom the court did have jurisdiction.[12]
Therefore, petitioner’s “lack of personal jurisdiction” argument is not an argument which aids him. Success on the merits would not reopen or vacate the 1997 decree, except with respect to Cosmo and Thomas Plantone. Notably, both Cosmo and Thomas Plantone were duly and timely served in this matter, and, like in 1997, neither made any appearance. Neither of them sought to appear and be heard on the topic eight years ago, and it is apparent that neither of them desire to relitigate this matter, eight years later. Even if the Plantones had decided to proceed, they would need to follow proper procedure, namely, a petition to vacate their defaults.[13] They would need to show good cause and overcome respondents’ strong argument for the application of laches. Petitioner cannot do this for them.
*487 In summary, petitioner’s request to determine the validity and extent of respondents’ claims by seeking to reopen or vacate the 1997 decree is denied. The court finds that the 1997 decree was jurisdictionally sound and thus declines to address the merits regarding whether the language in the decree referencing interest was proper. Petitioner’s correct forum to argue this issue is an appeal.

. Matter of Shonts, 229 NY 374 (1920); Matter of Henderson, 157 NY 423 (1898); Matter of Samson, 60 AD2d 964 (1978). “It has long been recognized that the Surrogate’s Court has the common law power to vacate, modify or set aside its own decrees.” (1-2 Warren’s Heaton, Surrogates’ Courts § 2.21 [2] [2005].)

. Matter of Elder, 90 Misc 2d 460 (1977). In the Elder case, the petitioner sought to reopen a decree approving a wrongful death settlement for the sole purpose of seeking to reduce legal fees. All parties had consented to the attorney’s fees when the matter was initially before the Surrogate, but the United States District Court Judge who was overseeing the prosecution of the underlying action had ordered petitioner to seek to vacate the Surrogate’s decree under his belief that the approved attorney’s fees were too high. The Surrogate declined to reopen the decree. (See also, Matter of Townsend, 215 NY 442 [1915].)

. SCPA 209 deals specifically with the discovery of a will subsequent to distribution of property, but does not limit the surrogate’s power to vacate or modify, since its grounds are not exclusive. Case law therefore typically references the CPLR. (See generally, 1-2 Warren’s Heaton, Surrogates’ Courts § 2.21 [2] [2005], supra.)

. SCPA 306 (1) (d).

. SCPA 306 (4); see, Margaret Valentine Turano and C. Raymond Radigan, New York Estate Administration § 2.02, at 39 (2006 ed).

. 22 NYCRR 207.19 (b).

. 22 NYCRR 207.40 (e).

. 1-6 Warren’s Heaton, Surrogates’ Courts § 6.01 (2) (e) (2005) (supra).

. Matter of Axe, 89 Misc 2d 86 (1976).

. Axe, supra at 88.

. The assignments by Cosmo and Thomas R. Plantone totaled over $318,000. The bequests payable to Cosmo and Thomas Plantone in the intermediate accounting (representing approximately one half of the estate) were calculated to be $34,000 and $12,750, respectively.

. See, Margaret Valentine Turano and C. Raymond Radigan, New York Estate Administration § 2.03, at 41 (2006 ed) (“The court without personal jurisdiction over a necessary party cannot make a decree binding on that party”) (emphasis added).

. See, Turano, supra § 2.02, at 39 (“If a party defaults, she is bound by the decree unless she succeeds in a motion to vacate the default”).