[3 NYS3d 878]

In the Matter of the MARY R. HEMSTREET LIVING TRUST.

Surrogate's Court, Broome County, January 30, 2014

**APPEARANCES OF COUNSEL**

*Levene Gouldin & Thompson* for petitioner.

## OPINION OF THE COURT

DAVID H. GUY, S.

This is an accounting proceeding brought on by the petition of Wilmington Trust, N.A. (successor by merger to the original cotrustee) requesting permission to resign as cotrustee and the judicial settlement of its account for service as such. MEMBERS Trust Company has contemporaneously petitioned for appointment as successor cotrustee of the trust.

Petitioner is cotrustee with Mary E. Hemstreet, the current income beneficiary of the trust. Upon Mary E.'s passing, the trust terminates with payment of a specific bequest to Christopher Hemstreet, the remainder divided equally between Johns Hopkins Hospital and Memorial Sloan Kettering Cancer Center. The ultimate beneficiaries, along with the New York State Attorney General, an interested party by virtue of the charitable nature of the residuary beneficiaries, all signed waivers and consents.

Papers were initially filed in this proceeding on June 3, 2013. Additional and supplemental papers were requested by the court and filings were finally completed on January 27, 2014, with the filing of a supplemental account to update the original filed account from May 20, 2013 to January 16, 2014. An affirmation of services requesting $6,000 in fees plus disbursements was filed January 24, 2014 by petitioner's counsel.

The waivers and consents executed by the residuary beneficiaries predate the filing of the supplemental account by more than three months. Additionally, schedule C-1 of the account, unpaid administration expenses, shows the computed disbursing commission due to the resigning trustee, as well as the attorney fees to be paid for the proceeding, with no amount inserted for those fees and the notation "to be determined."[1]

The Surrogate's Court Procedure Act requires that the petition contain a request for the relief sought and that the citation reflect that requested relief. (SCPA 304 [5]; 306 [1] [d].) As a matter of due process, the court does not have the power to award relief not set forth in the citation. (*Matter of Manley [Hood]*, 162 AD2d 895 [3d Dept 1990].) Here, the account

---

1. This information is from the original filed account. Schedule C-1 for the supplemental account for the period from May 20, 2013 to January 16, 2014 actually recites "None" for unpaid administration expenses. The court deems this an oversight and is relying on schedule C-1 of the original account.

indicates fees would be determined, but does not provide notice to the interested parties of the requested amount. The waivers were filed months before the attorney's affirmation of services, so it cannot be said that the interested parties consented to the fees that are now requested. While the ultimate authority for determining the appropriate amount and allocation of fees lies with the Surrogate, it is not legally sufficient for the accounting to recite that the legal fees are to be determined, without including the request for a proposed amount. (*In re Dellaratta*, NYLJ, Nov. 21, 2002 at 28, col 1 [Sur Ct, Nassau County]; 7-96 Warren's Heaton, Surrogate's Court Practice § 96.14 [1].)

Due to the delays in completing this matter, a supplemental account was filed January 24, 2014 for the period from May 20, 2013 through January 16, 2014,[2] so the figures on which the resigning trustee proposes to be discharged have never been seen by the waiving parties. Were the changes from the original to the supplemental account nominal, the court might overlook this issue. Here, the corpus of the trust changed by nearly 20% from the original to the supplemental account.

The court will require an amendment of the petition seeking the additional relief as to unpaid fees and reciting the filing of the supplemental account; an amended summary statement setting forth the unpaid administration expenses proposed to be paid; and the issuance of a supplemental citation, or, alternatively, the filing of waivers covering the additional and updated relief.[3] The court is not being critical of the fee requested for the work done in this case, but is concerned about the jurisdictional basis for these aspects of the proposed relief.

For future guidance, if petitioner is seeking a determination of fees, the petition must recite that request for relief and schedule C-1 of the account must set forth the amount sought as unpaid fees. Any citation issued must also recite that a fee determination is part of the requested relief. For a citation or a waiver to be jurisdictionally sufficient with respect to the issue of a requested fee determination, the summary statement (served with the citation, or acknowledged as received in a

---

**2.** The original accounting period is October 15, 1992 through May 20, 2013. The supplemental account covers the period from January 6, 2012 through January 16, 2014, overlapping the original account. The new period covered by the supplemental account is May 20, 2013 through January 16, 2014.

**3.** No citation or waiver will be required of Christopher Hemstreet, whose interest in this matter is only a specific bequest from the trust upon termination, not impacted by the additional or updated relief.

waiver) must set forth the unpaid expenses, including attorney's fees, proposed to be paid as set forth in schedule C-1.