In the Matter of the Application of AARON RICH for a Writ of Habeas Corpus to Determine the Custody of ALAN WARREN RICH, Now Held by BEATRICE RICH KAMINSKY and ABRAHAM KAMINSKY.

AARON RICH, Relator-Petitioner, Appellant; BEATRICE RICH KAMINSKY and ABRAHAM KAMINSKY, Respondents.

First Department, April 14, 1938.

*Milton M. Eisenberg* of counsel [*Ralph Weller* with him on the brief], for the relator-appellant.

*Samuel Robert Weltz*, for the respondents.

CALLAHAN, J. A writ of habeas corpus was obtained by the relator, the father of a boy eight years of age, directed to the mother of the child (the former wife of relator) and her present husband. The mother had obtained a divorce from appellant in the State of Florida and had later remarried. Prior to the divorce a separation agreement had been entered into which made provisions with respect to the custody of the child, under which it was agreed that the father would pay twenty dollars a week for the child's support. Such provisions were to survive any divorce that might be obtained by the parties. In the event of the mother's remarriage, it was provided that, if the parties were unable to agree as to the custody of the child, the father might have recourse to the courts for the physical possession of the child. A further provision was inserted in the agreement that, as long as he was financially able to do so, the father would insure himself in the child's favor in the sum of $5,000. The provisions of this agreement were incorporated in the judgment of divorce.

On the hearing of the writ of habeas corpus, numerous adjournments were granted in an endeavor to have the parties come to some amicable arrangement as to custody. These efforts being unavailing, the court, having the child before it, announced its intention to determine the question of custody on the merits. The relator then sought to withdraw the writ and discontinue the proceedings. The court declined to permit such discontinuance, and granted custody to the mother of the child, announcing that the father might have the right of visitation.

The order appealed from granted custody of the child to the mother, with provisions for the right of visitation by the father. The right of visitation was made conditional, however, on the father's continuing regularly to support the child, and keeping himself insured for the child's benefit, in accordance with the provisions of the prior separation agreement.

We find that the court properly exercised its discretion in declining to permit discontinuance. There were conflicting claims as to the custody of the child. Part of the evidence had been heard by the court. A matter involving the welfare of a child is one concerning the public interest as well as that of the parties. Under

such circumstances an application for discontinuance is addressed to the discretion of the court. (*Winans* v. *Winans*, 124 N. Y. 140; *Winston* v. *Winston*, 21 App. Div. 371.)

Relator further contends on this appeal that, in imposing the conditions on the right of visitation contained in the order, the court exceeded its jurisdiction on habeas corpus. We find no improper exercise of authority by the Special Term. While the primary object of habeas corpus is the release from unlawful restraint, undoubtedly the Supreme Court, in disposing of such a proceeding concerning the custody of a child eight years of age, may make such provisions as to future custody as it deems proper.

While formerly the courts of England limited the relief granted in habeas corpus proceedings concerning the custody of children to release from restraint, leaving the matters as to future custody to the Courts of Chancery, no such inflexible rule has been applied in this State. (See Hurd on Habeas Corpus [2d ed.], book II, chap. IX, §§ 3–9.)

As early as 1819, Chancellor KENT, in the leading case of *Matter of Wollstonecraft* (4 Johns. Ch. 80), stated the rule to be that, while the object of a writ of habeas corpus concerning custody was to release the infant from what the court deemed improper restraint, where the child is of tender years, the court might exercise its judgment as to where the child should go on being released. A similar holding is found in the case of *People ex rel. Pruyne* v. *Walts* (122 N. Y. 238). There the court said: " In the case of children of the age of discretion the object of the writ was usually accomplished by allowing the party restrained the exercise of his volition, but in the case of an infant of an age to be incapable of determining what was best for itself the court or officer made the determination for it, and, in so doing, the child's welfare was the chief end in view. [Citing cases.] The purpose of the writ as now regulated by the Code is the same."

Since 1830 we have had a special statute in this State concerning the court's jurisdiction in certain disputes over the custody of children. (See Dom. Rel. Law, § 70.) That statute, however, is limited to applications made by a husband or wife who are separated without being divorced. Here the parties are divorced, and the statute does not apply. But the fact that the Legislature specified habeas corpus as the proper proceeding, and provided that the court might award custody under such regulations and restrictions, and with such provisions and directions as the case might require, indicates that the exercise of such powers is not foreign to habeas corpus.

Aside from any statute, the Supreme Court, as a court of equity, has broad, inherent powers concerning the custody of children. (*Finlay* v. *Finlay*, 240 N. Y. 429.) The statutes concerning habeas corpus do not limit these powers. (*People ex rel. Riesner* v. *N. Y. N. & C. Hospital*, 230 N. Y. 119.)

In a habeas corpus proceeding involving custody of a child of tender years, we see no reason why the Supreme Court may not impose such conditions as to visitation by either parent as the welfare of the infant requires. There are authorities holding that in habeas corpus proceedings the court may not make an order initiating liability for the support of the child. (See *People ex rel. Klee* v. *Klee*, 202 App. Div. 592 [4th Dept.]; *People ex rel. Prior* v. *Prior*, 112 Misc. 208.) But no direction for the payment of any sum for support was made in the present case. The order was limited to making visitation conditional on the payment of support. The father was already obligated to make such payments by his own agreement and by the judgment of the Florida court.

We realize that, if for reasons beyond his control the father is unable to meet the conditions imposed, the penalty resting on him for non-compliance would entail great hardship. Because of this, the power to impose conditions on visitation should be exercised only where it is clear that the parent can comply therewith. Such matters, however, relate to the exercise of the court's discretion. They do not affect the jurisdiction of the court to impose conditions.

If the conditions imposed herein are unduly harsh, application may be made to the Supreme Court to modify them, or, if appellant's financial status changes, a simple remedy is afforded by addressing a petition to the court for relief. (See *Finlay* v. *Finlay*, *supra*.) There is no suggestion in the record before us that the father is unable at present to comply with the conditions.

We think it rested within the Special Term's discretion to determine that the conditions imposed herein had relation to the welfare and proper upbringing of the child.

The order, so far as appealed from, should be affirmed.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Order, so far as appealed from, unanimously affirmed.