William Rigler, J.
The within opinion concerns a decision on a motion made by a Law Guardian in a juvenile delinquency proceeding. The ramifications concerned in the decision on this motion have implications and pointis of law which merit a written decision to bring the issues presented in this proceeding to the Bar’s attention.
The respondent was placed voluntarily with the Department of Social Services when there was no parent available to care for him. While in Jennings Hall (Department of Social Services ’ nonsecure detention) he is alleged to have had marijuana in his possession. (This allegation was later amended by Assistent Corporation Counsel to that of selling the drug.)
The Department of Social Services brought a juvenile delinquency petition against this boy and brought him to the Family Court. At intake respondent was remanded to Juvenile Center' (a secure detention facility) td await trial and was assigned to this trial part.
When the proceeding appeared on the calendar the Corporation Counsel requested an adjournment because the laboratory tests on the drug were not complete and would not be available for 10 days.
The Law Guardian representing respondent requested the following relief by motion:
1. The proceeding be adjourned in contemplation of dismissal pursuant to CPL 170.56 and/or
2. The respondent be remanded to Department of Social Services, not Juvenile Center.
This court requested the Corporation Counsel representing the Department of Social Services to sit in on proceeding and inform the court why respondent should not be returned to the Department of Social Services, instead of Juvenile Center until adjourned date.
The Corporation Counsel representing Department of Social Services argued that the acts alleged to respondent would make him a danger to the other boys at Jennings Hall and, therefore, *712 he could not be returned. Corporation Counsel also argued that the policy of the Department of Social Services is not to accept any youngster who has a juvenile delinquency petition pending, or a delinquency finding.
This court was then confronted with complying with section 748 of the Family Court Act. The respondent was in detention longer than three days and no special circumstances were shown except Department of Social Services’ reluctance to find a place for respondent other then holding him in detention.
This court feels thht respondent would be deprived of his constitutional right of equal protection of the law by continuing the remand to Juvenile Center in that if he had a parent he would be paroled for hearing under these circumstances but since he was a destitute boy he had to be continued on remand to a detention facility until trial. The court feels that the Department of Social Services must stand now in the place of a parent to this boy and he must be accommodated by them if not in Jennings Hall then in some other facility. This portion of the motion of the Law Guardian was granted and the Department of Social Services was ordered pursuant to section 255 of the Family Court Act to “assist and cooperate” in finding quarters for this boy outside of detention.
The Department of Social Services, if it does not have facilities for such a youngster must find facilities so that the Family Court Act can be complied with. This boy has only been accused in the detention facilities and the charges have not been proven against him and he should be presumed innocent until proven guilty. He should not be denied the same rights as every other youngster who has the good fortune to have parents to insure his protection.
The Law Guardian’s motion to adjourn in contemplation of dismissal under CPL 170.56 is denied. This section states specifically: “ 1. Upon or after arraignments in a local criminal court ”. (Empliasis added.) The Family Court is a civil court and specifically outlines how a proceeding can be adjusted -or a disposition can be arranged to help and protect the juvenile (Family Ct. Act, §§ 734, 753). This court is only governed by its own rules or the CPLR. See section 165 of the Family Court Act and therefore, the Criminal Procedure Law does not apply.
If this court is to carry out its duties as prescribed by the Family Court Act the facilities to shelter and care for youngsters such as Norman must be found as soon as possible.