OPINION OF THE COURT
Nicholas L. Pitaro, J.
In this neglect proceeding, the Commissioner of Social Services moves to withdraw its neglect petition filed against the above-named respondent on August 20, 1979. The respondent’s attorney has consented to petitioner’s motion, but the Law Guardian has objected and prays that the motion be denied on the ground that the petitioner does not have an absolute right to withdraw pursuant to CPLR 3217.
The petition alleges that the above-named child is neglected under section 1012 of the Family Court Act in that on August 10, 1979, "While respondent-mother was intoxicated, she, the respondent dropped infant Billy R., 8 months old twice.” The infant is alleged to have suffered contusions and abrasions of his forehead as a result of the mother’s actions. The child was remanded to the Commissioner of Social Services for shelter care on August 20, 1979. The respondent was also charged in criminal court with violating section 260.10 of the Penal Law for "endangering the welfare of a child”. That proceeding was transferred to the Family Court on August 20, 1979, under Docket No. 0.6570/1979. On motion of the Assistant Corporation Counsel that proceeding was consolidated with the instant neglect proceeding without objection on August 24, 1979.
On August 24, 1979, a hearing was commenced pursuant to section 1028 of the Family Court Act upon the respondent’s application for an order returning the child to her. The hearing continued on August 27, 1979 and August 29, 1979. At the conclusion of the section 1028 hearing, the court, by the Honorable Vincent McConnell, paroled the child to the custody of the mother, under supervision of the Bureau of Child Welfare. The neglect proceeding was adjourned for trial to October 17, 1979.
On October 17, 1979, the Assistant Corporation Counsel moved to withdraw the instant petition on the grounds that no further supervision of the respondent or child was necessary and that the aid of the court and the assistance of the Bureau of Child Welfare was no longer required. This court ordered that testimony be taken with reference to the application to withdraw the proceeding. A caseworker associated with the Bureau of Child Welfare, Jerome Wimberly, testified on *990 October 17, 1979 that he had not as of that date, examined the home conditions of the respondent and child and that he was not therefore in a position to advise the court of the then existing conditions and circumstances of the respondent and the child. The motion was held in abeyance pending further home investigation and report by the Bureau of Child Welfare, as ordered by the court.
On November 28, 1979, the petitioner renewed the motion to withdraw. Caseworker Wimberly testified on that date that for the two-month period commencing with the parole of the child through the October 17, adjourned date, the respondent had maintained contact with the agency. Subsequent to October 17, the caseworker made two visits to the home of respondent. The caseworker testified that there were no problems with the mother or child, that she appeared "pretty steady”, and that she was never found to be intoxicated. He stated that the child appeared to be in good health and that he was of the opinion that respondent could definitely handle her situation without the aid of the court. He fully supported the application to withdraw the petition by reason of the fact that the aid of the court was no longer needed.
The issues which are raised by petitioner’s motion are whether it is within the court’s discretion to permit a petitioner in a neglect proceeding to withdraw a petition prior to fact finding, and if so, under what circumstances may the court exercise its discretion.
Subdivision (c) of section 1051 of the Family Court Act requires the court to dismiss a petition:
1. "If facts sufficient to sustain the petition under this article are not established, or”
2. "[I]f, in a case of alleged neglect, the court concludes that its aid is not required on the record before it, the court shall dismiss the petition”.
This section has been interpreted to " 'permit * * * the court to dismiss a petition satisfying the formal requirements of "neglect”, but not of sufficient significance to require the court’s aid.’ ” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 1051, p 363, 1979-1980 Pocket Part, citing Committee Comments, Family Ct Act, § 351 [1962, repealed, 1970].)
In the instant case subdivision (c) of section 1051 is not necessarily controlling. There was no request here by pe *991 titioner for dismissal of the proceeding. Petitioner instead seeks to withdraw the petition without prejudice. It appears, therefore, that the relevant statute in this instance would be the one dealing with the voluntary discontinuance of an action.
Where the method of procedure is not prescribed in the Family Court Act, or by-rules of the administrative board of the judicial conference, then reference is to be made to the appropriate provisions of the CPLR (Family Ct Act, § 165, subd [a]). Since neither the Family Court Act nor the aforementioned rules prescribe a procedure for voluntary discontinuance of an action one must turn to the applicable provisions of the CPLR.
The question of voluntary discontinuance is governed by CPLR 3217 (subd [b]). It provides: "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper.”
The right to discontinue a case ceases to be absolute when certain intervening interests and rights become involved in the action or proceeding. (Palmer v Palmer, 62 Misc 2d 73.) Moreover, the courts of this State have traditionally held that in matters involving the welfare of a child, not only the parties to the action, but also the public has an interest in the continuation of the proceeding. (Matter of Rich v Kaminsky, 254 App Div 6; Matter of Julie J. v Edwin A., 86 Misc 2d 882.) The petition in the instant case involves a neglect petition and therefore the welfare of the infant is certainly of paramount concern.
Our courts have been sensitive to the expanding rights of children including the right to be heard and the importance of having the child represented by a Law Guardian has been emphasized, " '[s]ince the child cannot obviously speak for [him]self ”. (Matter of Orlando F., 40 NY2d 103, 112.) Essential to any determination of the child’s best interest is a consideration of the Law Guardian’s report. (Matter of Jonathan D., 62 AD2d 947.)
The neglect proceeding here pits the natural parent with her special interest against an agency that usually seeks a determination and finding of neglect against said parent and possible placement of the child. The Law Guardian, representing the child, in essence submits that the termination of the pending neglect proceeding is not in his client’s (the child’s) *992 best interest and therefore strongly objects to the petitioner’s motion to withdraw the petition.
In considering the above dispute and in rendering a proper determination this court is of the opinion that it must take notice of other mandates. Local departments of social services are given the responsibility for child protection and for safeguarding against child abuse and neglect. The Family Court has no power to deprive such departments of that responsibility. (Matter of Commissioner of Social Servs. of Erie County, 67 AD2d 815.) Of necessity, the Family Court depends upon local child protective agencies, the police and other sources and interested parties to bring cases of child abuse and neglect to its attention. This court can decide cases only on the basis of information presented to it. Its adjudicatory and dispositional process rests upon the evidence discovered during the investigation made by nonjudicial agencies. Therefore, if an agency charged with the responsibility of protecting children’s interests requests a voluntary discontinuance of its petition and said request is supported by the sworn testimony of the very caseworker who instituted the petition in the first place, as in the instant case, said testimony being to the effect that neither the respondent mother nor the child require the aid of the court any longer, refusal to grant the motion to withdraw the petition would, in the opinion of this court, constitute an abuse of discretion.
It may be argued that a technical case of neglect may be proven by the testimony of the police officer involved in this case, if the court denies permission to withdraw. In the event of such a finding, a dispositional hearing would then be held to determine what to do with the child and the respondent. In reaching a disposition the recommendations of the petitioning agency and its caseworkers would be of paramount importance and assistance to the court, since the court does not have any independent investigative sources or facilities in such cases. In the case at bar, the petitioning agency, through its caseworker and its attorney, have already recommended that the child be released to the mother, and the child has in fact been released to respondent mother by a prior order of another Judge of this court. In addition, the caseworker, after recent investigation on behalf of the petitioning agency, has concluded that neither the respondent mother nor the child needs the aid of this court.
In view of such an a priori strong recommendation by the *993 petitioning agency concerning disposition, a hearing with a possible technical finding of neglect against the respondent would not be warranted and has been totally obviated.
It is to be noted that the child protective agency has a continuing obligation under the law to review the need for protective custody or further action in the event of any future possible danger to the child. Furthermore, should the Law Guardian be in possession of, or acquire, information which would warrant the reinstatement of this proceeding he may, and indeed shall be obliged to, take the necessary steps to seek such reinstatement.
Considering all of the circumstances of this proceeding, the petitioner’s motion to withdraw this proceeding without prejudice is hereby granted.