OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
By oral, pro se motion, the petitioner wife seeks to withdraw a family offense proceeding initiated by her individually and on behalf of her children against her husband. The issue presented is whether she may do so where the petition, if true, suggests a home life inimical to the physical and emotional well-being of the children. The respondent husband does not oppose the motion.
On February 16, 1982, the petitioner filed a proceeding pursuant to section 821 of the Family Court Act alleging that her respondent husband did “assault the petitioner by pushing and shoving her about and shoved her against the refrigerator repeatedly causing her to hit her head several times against the refrigerator. Respondent also used vile and abusive language towards the petitioner. Parties 10 year old son intervened and the respondent struck him several times on the back with his hands. Respondent has assaulted the petitioner several times in the past.” When presented with the petition, and on the ex parte testimony of the petitioner, this court issued a warrant for the arrest *562 of the respondent since the safety of both petitioner and her children appeared to be endangered. (Family Ct Act, § 827, subd [a], par [v].) Thereafter, on February 17, 1982, the petitioner returned to this court and asked that the warrant be vacated and a summons be issued for her husband to appear in court. (Family Ct Act, § 825.) According to the petitioner, she made this unusual request because her husband, when informed by her of the existence of the warrant, threatened to kill her if she had it executed. However, he reportedly told her he would appear in court in response to a summons.
The court was obviously very concerned about both the request and the reason proffered for it. However, the petitioner resisted all efforts by the court to assure her that her interests would best be served by execution of the warrant. When she remained adamant, the court reluctantly vacated the warrant since it seemed inappropriate to deprive a man of his freedom where the party seeking judicial relief was clearly opposed to such action.
However, in order to assure an expeditious judicial inquiry, a summons was issued for the respondent, returnable just two days later (Family Ct Act, § 825). In addition, a temporary order of protection was given to the petitioner, covering both herself and her children. (Family Ct Act, § 828.) Finally, the court directed that the petitioner’s two children be produced in court on the adjourned date.
On February 19, 1982, the return date of the summons, the petitioner, respondent and children appeared. Despite the fact that the respondent admitted virtually all of the allegations filed against him, the petitioner stated that she wished to withdraw the charges, indicating that she and her husband could work things out together. Under close questioning and careful scrutiny, she repeatedly denied being threatened or coerced into making the application to discontinue.
Since the Family Court Act contains no specific statutory provision concerning voluntary discontinuance, the court must apply the CPLR “to the extent they are suitable to the proceeding involved”. (Family Ct Act, § 165.)
The relevant CPLR provision is CPLR 3217 which, if applied to the facts of this case, would authorize a discon *563 tinuance only “upon order of the court and upon terms and conditions, as the court deems proper.” (CPLR 3217, subd [b].) This language vests the court with sufficiently broad discretion to condition a voluntary discontinuance on “terms and conditions” which would be in furtherance of the critical functions performed by the Family Court. As such, it is “appropriate” to the proceeding and will be applied in resolving the issue presented herein.
Unfortunately, assaults between spouses are a tragic aspect of all too many marriages. Besides the humiliation and indignity, the battered spouse often suffers very real physical and emotional injury, a condition that tears at the fabric of thé marriage itself. In providing for concurrent jurisdiction in both criminal and Family Courts for family offenses, the Legislature has made the respective powers of both tribunals available to the aggrieved spouse. (Family Ct Act, § 812, subd 2, par [a].)
Thus the complainant spouse must be informed of the respective purposes of both the Family Court and the criminal court and, thereafter, make a choice of forum according to his or her wishes. (Family Ct Act, § 812, subd 2, pars [a]-[c], [e].) As long as the offending conduct is properly within the purview of a family offense proceeding (Family Ct Act, § 812, subd 1) it is clear that the wishes of the complaining spouse as to forum must be respected. Nor may that spouse be discouraged or prevented from filing a petition. (Family Ct Act, § 812, subd 3; § 823, subd [b]; § 216-c, subd Ob].) Finally, it should be noted that the Family Court may transfer the proceeding to the criminal court only where the petitioner spouse consents. (Family Ct Act, § 813.) Accordingly, an aggrieved spouse may properly choose whether or not to institute a family offense proceeding, the forum in which to proceed, and the forum in which to remain. A clear legislative intent emerges to permit the complainant unfettered discretion in the initiation and prosecution of family offenses. Thus, it would seem in furtherance of the statutory scheme to permit the petitioner spouse the same discretion should he or she seek to withdraw the petition. In this regard, the court is not unmindful of the fact that flareups occur during the course of almost every marriage, incidents that may provoke *564 action and reaction at the moment only to be soon forgotten in a spirit of forgiveness and reconciliation. To force a petitioner spouse to proceed against his or her wishes could do irreparable harm to the marriage, a situation clearly inconsistent with the purposes of the Family Court Act.
However, where the family offense threatens the safety or well-being of innocent children, any application to discontinue the proceeding must be evaluated with due regard to their interests. This is consistent with the general principle that the existence of intervening interests and rights may properly affect the right to discontinue (Palmer v Palmer, 62 Misc 2d 73). This is particularly true where the interests of children are concerned since “the courts of this State have traditionally held that in matters involving the welfare of a child, not only the parties to the action, but also the public has an interest in the continuation of the proceeding.” (Matter of Billy R., 103 Misc 2d 988, 991; see, also, Matter of Julie J. v Edwin A., 86 Misc 2d 882.)
It is obvious that the State has a legitimate interest in protecting children from abuse or neglect. (See Family Ct Act, §§ 1011, 1034.) Accordingly, where a family offense proceeding alleges facts which suggest the impairment or imminent impairment of the physical, mental, or emotional condition of children, the court may not ignore their interests in deference to a desire of the adult spouses to work things out on their own.
In the instant case, the petitioner has proceeded both individually and on behalf of her children. To permit a discontinuance as regards the children would, in this court’s judgment, expose them to the very real risk of imminent and potentially serious harm. Similarly, even a discontinuance of the petitioner’s individual claim would be inimical to the children’s best interests. Children cannot possibly remain unscathed in a home where their mother is made a punching bag.
By reason of the foregoing, petitioner’s application to withdraw the proceeding is denied. Furthermore, since the respondent has admitted virtually all of the allegations in the petition, a final order of protection is herewith issued on behalf of the petitioner and the children. Finally, the *565 petitioner is admonished to utilize the order of protection to insure the children’s safety and well-being. Failure to do so could lead to the initiation of a proceeding under article 10 of the Family Court Act and a possible removal of the children. (See Matter of Trina Marie H., 48 NY2d 742.)