OPINION OF THE COURT
Lewis R. Friedman, J.
This habeas corpus proceeding challenges respondent’s custody of Noel Harris at Bronx Children’s Psychiatric Center. Petitioner, the Law Guardian appointed by the Family Court, contends that the Family Court lacked the power to order Noel Harris’ custody at respondent’s facility.
The case presents the question, not decided in the reported cases, of whether a person who has filed a petition to have a child determined to be a person in need of supervision (PINS) may withdraw that petition as of right.
The operative facts are not in dispute. On January 17, 1991, Hyacinth Suggs, Noel Harris’ mother, filed a PINS petition in the Family Court, Bronx County. She alleged that Noel, a 15 year old, had absconded from her home, had been truant and had been suspended from his school, and had used alcohol and marihuana. On January 22, Noel Harris voluntarily appeared in Family Court with his mother and the matter was set for a fact-finding hearing three days later. It appears that as a result of some disorder at the courthouse, Noel Harris was remanded to Bronx Children’s Psychiatric Center for evaluation pursuant to Family Court Act § 251. On February 5, Judge Lynch continued the remand until February 20. On February 5, Ms. Suggs told Judge Lynch that she wished to withdraw the PINS proceeding. "This is my child. He has been living with me for several years. I never had any problem wdth him before. I never came here for him to be recommended for a psychiatric center. I just came here for him because he has not been going to school.” She stated that she would arrange for out-patient, private psychiatric care for Noel.
The Family Court held that the petitioning mother could not withdraw a PINS petition. "The Court at this point does not have to grant the permission to permit the withdrawal of the petition. Whether the court on another date permits someone else to prosecute the petition, that’s something else”.
Without doubt habeas corpus is available to test Noel Harris’ continued detention by respondent. However, a threshold question is posed by respondent. On February 11, at the *646 return of this writ, the matter was adjourned to February 13. On the adjourned date, respondent presented the court with certificates by two physicians, both dated February 12, seeking to hold Noel as an involuntary patient at respondent’s hospital under Mental Hygiene Law § 9.27. Respondent contends that the instant proceeding is, therefore, moot.
The law is well settled that "[a] matter is moot when a determination is sought on a matter which, if rendered, could not have any practical effect on the existing controversy (Leonhart v McCormick, 395 F Supp 1073, 1077)” (Lighting Horizons v Kahn & Co., 120 AD2d 648, 649; Matter of Riker v New York State Commn. on Govt. Integrity, 153 AD2d 158, 159). Concededly, Noel Harris is being held both pursuant to the Family Court’s order and the Mental Hygiene Law. Pursuant to Mental Hygiene Law § 9.27 Noel could be released at any time; if so he would continue to be detained pursuant to the Family Court order of remand. Therefore, this court finds that the habeas corpus proceeding is not moot; the Family Court order clearly effects respondent’s claim to legal custody of Noel Harris.
The question of whether a PINS petitioner may withdraw the petition turns on an analysis of the PINS statutes and rules. The Family Court Act contains a complete procedural regime for the conduct of PINS proceedings. Under article 7 of the Family Court Act there are definitions of the grounds for a PINS case, description of the proper petitioners, details of prehearing procedures, standards for fact-finding and dispositional hearings, in addition to provision for dispositions and procedures for postdispositional modifications.
Procedures prior to the formal court hearings are central to the PINS process. Family Court Act §§ 734 and 735 provide for extensive prehearing inquiries prior to the filing of the formal petition to allow for informal adjustment of the child’s problems through probation and other services (cf., 22 NYCRR 205.63). "The Probation Intake procedure authorized by this section is one of the most important stages of the PINS proceeding” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 734, at 63). Indeed, in 1985 the Legislature enacted the current section 735 and found "that many cases involving persons allegedly in need of supervision and their families now presented to the family court could be resolved through non-judicial remedies, with much more success for the youth, the family and the community, and at much less public expense.” (L 1985, ch 813, *647 § 1.) The adversarial litigation stage comes only after the other processes do not produce a meaningful result. Although the formal beginning of adversarial proceedings is the filing of a petition (Family Ct Act § 732), there is no provision for filing an answer.
The Family Court Act has no procedure for withdrawing a petition after it is filed. This omission is somewhat surprising since often, as the Family Court itself noted here, PINS petitions are withdrawn to permit the family to resolve its problems without further judicial or agency intervention. The only provision that is even remotely related to the subject is section 764, which deals with applications to terminate placements which were ordered after dispositional hearings. While the Family Court Act sets out a complete procedural structure, it specifically provides that where the procedure is not provided in the statute or in the court rules, gaps are to be filled by the CPLR "to the extent that they are appropriate to the proceedings involved” (Family Ct Act § 165; Matter of Billy R., 103 Misc 2d 988, 991; Matter of Norman C., 74 Misc 2d 710, 712; Palmer v Palmer, 62 Misc 2d 73, 76).
CPLR 3217 (a) provides that an action may be discontinued by the plaintiff as of right "by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier”. This case comes within that language. There is no responsive pleading. While the petition is dated January 15, 1991, there is no proof that it was served that day. Noel Harris first appeared on January 22. Thus, the application to withdraw, made on February 5, was within the 20-day period within which withdrawal is permitted as of right. During that period, no reason need be given since there is an "absolute and unconditional right to discontinue” (Battaglia v Battaglia, 59 NY2d 778, reversing on dissenting mem at 90 AD2d 930, 933; Giambrone v Giambrone, 140 AD2d 206; Chandler v Chandler, 108 AD2d 1035; Siegel, NY Prac § 297 [1]).
There is a series of cases which has refused to permit the withdrawal of various family proceedings. Each of them, however, involves a situation where the 20-day withdrawal as of right period of CPLR 3217 (a) has elapsed (e.g., Matter of Julie J. v Edwin A., 86 Misc 2d 882, 883 [filiation proceeding]; Matter of Rich v Kaminsky, 254 App Div 6 [child custody habeas corpus]; Palmer v Palmer, supra [child custody habeas corpus]; Matter of Smith v Smith, 62 Misc 2d 574, 576 [support *648 proceeding]; Matter of Billy R., supra [neglect proceeding]). Thus, the court’s discussion of the propriety of the discontinuance in each of those cases is not relevant to the situation here. This court recognizes that it is well accepted that "the courts of this State have traditionally held that in matters involving the welfare of a child, not only the parties to the action, but also the public has an interest in the continuation of the proceeding” (Palmer v Palmer, supra, at 78; Matter of Julie J. v Edwin A., supra, at 883). However, in those cases discontinuance was sought pursuant to CPLR 3217 (b) which specifically gives the court discretion on whether to permit discontinuance.
In short, the Family Court was obligated to comply with the wishes of the mother and permit the withdrawal of the petition as of right with no inquiry into the reasons. Of course, the Family Court could have continued the proceedings even after the petitioner withdrew the proceeding. As the Family Court itself noted, a different petitioner could have been substituted to permit the proceeding to continue without the mother’s participation (see, Family Ct Act § 733). Indeed, the Family Court Judge, on his own motion, could have converted the entire proceeding to a neglect proceeding under Family Court Act article 10 (Family Ct Act § 716).
In light of the disposition on the withdrawal issue, the court does not reach petitioner’s additional claim that a hearing is required before a custodial remand for an examination pursuant to Family Court Act § 251 (see, Matter of Andrea B., 94 Misc 2d 919).
The writ of habeas corpus is sustained to the extent that Noel Harris is to be released to the extent that he is detained pursuant to the order of the Family Court.