■ In the Matter of DENISE L. HOUCK, Respondent, v ANTHONY M. GARRAWAY, Appellant. [739 NYS2d 499] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Sgueglia, J.), entered September 21, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties, who are not married, are the parents of one son, now almost three years old. In April 2000, a petition for sole custody and a separate family offense petition requesting an order of protection were filed by petitioner, each containing allegations of domestic violence. Approximately one month later, even though represented by counsel at that time, petitioner wrote a pro se letter to Family Court requesting withdrawal of both petitions and "withdrawal" of a temporary order of protection entered by the court. These requests were denied. At a subsequent June 2, 2000 appearance, the parties agreed that respondent would have flexible visitation with the child, an arrangement approved by the Law Guardian, albeit with some trepidation pending an investigation by the Broome County Department of Social Services (hereinafter Department) pursuant to Family Court Act § 1034. The matter was then adjourned for a September 12, 2000 hearing.

Thereafter, petitioner's attorney was discharged, petitioner proceeded pro se and the Department completed its investigation. In a report issued in early September 2000, the Department advised Family Court that its case was closed since both parents refused voluntary services, "there was insufficient cause to mandate services" and because "no child protective concerns [could] be identified at [that] time." Neither party showed up for the September 12, 2000 hearing, although

respondent's counsel and the Law Guardian did appear.[1] There is no evidence in the record that the Law Guardian had otherwise relevant evidence bearing on the issue of whether joint custody or continued visitation between respondent and the child would be detrimental to the child or not otherwise in his best interest. Two orders were subsequently entered, one on September 21, 2000 granting the parties joint custody with petitioner to have primary physical custody and respondent to have visitation as agreed, and one on September 28, 2000 granting petitioner an order of protection. Respondent filed a notice of appeal from the September 21, 2000 order only.[2]

We are unpersuaded by respondent's contention that Family Court should have treated petitioner's pro se motion to withdraw as a request for a voluntary discontinuance under CPLR 3217 and that its failure to do so warrants vacatur of the September 21, 2000 order. First, petitioner was represented by counsel at the time the withdrawal motion was made and counsel could have, but did not, make this particular motion on petitioner's behalf. Moreover, it is indeed questionable whether respondent, as a nonmovant who failed to join in said motion, is an aggrieved party who can properly raise this alleged error on appeal (see generally, DeGennaro v Church of St. Apostle, 234 AD2d 168). Finally, and in any event, given the allegations of domestic violence in the petitioning papers, Family Court did not abuse its discretion in denying the pro se relief (see, Matter of Irene D. v Anthony D., 113 Misc 2d 561; see also, People ex rel. Weissman v Weissman, 50 AD2d 989). Nor are we persuaded by respondent's claim that Family Court's decision to continue with the custody proceeding, despite petitioner's motion to withdraw, constituted an unconstitutional interference with his right to raise his child.[3]

With respect to the Law Guardian's claim on appeal that Family Court erred in rendering the custody order without

---

1.  There is no transcript of this proceeding in the record.

2.  Since respondent failed to file a notice of appeal from the September 28, 2000 order of protection, even though the order clearly advised him of such an obligation (see, Family Ct Act § 1113), this Court is without jurisdiction to review it. In any event, since the order of protection expired on September 28, 2001, an appeal from the order, even if jurisdictionally proper, would have been dismissed as moot (see, e.g., Matter of Hanehan v Hanehan, 260 AD2d 685, 686; Matter of Muldrew v Mixon, 237 AD2d 942; Matter of Dean v Dean, 208 AD2d 1030, 1031; Matter of Jafri v Jafri, 203 AD2d 648, lv denied 84 NY2d 806).

3.  To this end, we are compelled to point out that respondent does not take issue with any substantive aspect of Family Court's custody order (i.e., he does not object to joint custody, physical custody being placed with petitioner or the liberal visitation granted to him), thus calling into question

(n. cont'd)

conducting an evidentiary hearing, we note that there is no evidence that the Law Guardian representing the child before Family Court in fact requested a hearing on the child's behalf at any time or expressed any concern to Family Court that no hearing was going to be held. Notably, the Law Guardian never moved to reargue the custody order once he learned that it was being entered nor did he file a notice of appeal from the September 21, 2000 order to protect the child's interest. We also note that nearly 1½ years have elapsed since the order was entered without objection by any Law Guardian that the child's best interest warranted expedited appellate review. In short, given the parties' agreement concerning custody and visitation, the Department's report closing its case and the dearth of any evidence by the Law Guardian bearing on the issue of whether joint custody or visitation with respondent was contrary to the child's best interest, we are unable to conclude that reversal of the order and remittal for a fact-finding hearing is warranted (*see generally, Matter of Goldman v Goldman,* 201 AD2d 860, 862).

Respondent's remaining contentions have been reviewed and none warrants reversal of the September 21, 2000 order.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

once again whether he is in fact actually aggrieved by this aspect of the September 21, 2000 order (*see,* CPLR 5511).