In the Matter of SHEENA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RORY F., Respondent. STEVEN BANKS, as Attorney for the Child, Nonparty Appellant. [922 NYS2d 176]—

In a neglect proceeding pursuant to Family Court Act article 10, the attorney for the child appeals from an order of the Family Court, Kings County (Beckoff, J.), dated June 14, 2010, which, prior to a fact-finding hearing, granted the petitioner's application, in effect, pursuant to CPLR 3217 (b) for a voluntary discontinuance of the proceeding and dismissed the petition. By decision and order on motion dated June 24, 2010, this Court granted the motion of the attorney for the child to enjoin the petitioner from discharging the child from foster care pending hearing and determination of the appeal.

Ordered that the order dated June 14, 2010, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petitioner's application, in effect, pursuant to CPLR 3217 (b) for a voluntary discontinuance of the proceeding is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The petitioner commenced this proceeding alleging that then-17 year old Sheena B. had been neglected by her father,

who refused to permit her to return to his home. Sheena was placed in the custody of the petitioner pending a final order of disposition and was placed in a group home for pregnant teens. After she gave birth, Sheena was placed in a mother and child program. Prior to the fact-finding hearing on the petition, the petitioner made an application, in effect, pursuant to CPLR 3217 (b) for a voluntary discontinuance of the proceeding on the ground that there were no longer any child protective concerns since Sheena had turned 18 and there were no other children named in the petition. The attorney for the child objected, stating that Sheena wished to consent to a continuation of care, which she could only do if there was a finding of neglect. The Family Court stated that, since Sheena was 18 years old, it was "hard to see how the aid of the court . . . could be useful under [Family Ct Act §] 1051 (c)." The Family Court granted the application and dismissed the petition. The attorney for the child appeals.

Contrary to the contention of the attorney for the child, the Family Court granted the petitioner's application, in effect, pursuant to CPLR 3217 (b) for a voluntary discontinuance of the proceeding and dismissed the petition. The Family Court did not dismiss the petition pursuant to Family Court Act § 1051 (c), despite its reference to that provision (*see* Family Ct Act § 165; *Matter of Rafael P.*, 185 Misc 2d 169, 177 [2000]; *Matter of Billy R.*, 103 Misc 2d 988, 991 [1980]). Accordingly, the cases holding that a dismissal pursuant to Family Court Act § 1051 (c) may not occur prior to completion of the fact-finding hearing are inapposite (*see Matter of Edwin SS.*, 302 AD2d 754 [2003]; *cf. Matter of Chandler D.*, 16 AD3d 684 [2005]; *Matter of Jonathan M.*, 306 AD2d 413 [2003]).

CPLR 3217 (b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and conditions, as the court deems proper." "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the [child] or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or . . . [at times] obligatory" (*Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]; *see Matter of Bianchi v Breakell*, 48 AD3d 1000 [2008]; *Christenson v Gutman*, 249 AD2d 805 [1998]; *Matter of Commissioner of Franklin County Dept. of Social Servs. v Terry M.*, 178 AD2d 881 [1991]). Courts may deny discontinuance to protect the interests of the parties (*see Matter of Cowles*, 22 AD2d 365, 370 [1965], *affd* 17 NY2d 567 [1966]). In matters involving the welfare of a child, not only the parties to

the action, but also the public, has an interest in the continuation of the proceeding (*see Winans v Winans,* 124 NY 140 [1891]; *Matter of Rich v Kaminsky,* 254 App Div 6 [1938]; *People ex rel. Intner v Surles,* 149 Misc 2d 644 [1991]; *Matter of Billy R.,* 103 Misc 2d at 991; *Matter of Julie J. v Edwin A.,* 86 Misc 2d 882 [1976]; *Palmer v Palmer,* 62 Misc 2d 73, 78 [1969]), and concern for the welfare of the child justifies denial of the motion (*see Matter of Houck v Garraway,* 293 AD2d 782 [2002]; *People ex rel. Weissman v Weissman,* 50 AD2d 989 [1975]; *Matter of Irene D. v Anthony D.,* 113 Misc 2d 561, 564 [1982]).

Here, the Family Court granted the petitioner's application based on the fact that Sheena had turned 18. However, the Family Court has jurisdiction to adjudicate neglect petitions commenced prior to the child's 18th birthday even after the child turns 18 (*see Matter of Jonathan M.,* 306 AD2d at 414; *Ruskin v Rockland County Dept. of Social Servs.,* 162 Misc 2d 707, 710-711 [1994]). Further, with the child's consent, a placement made after a neglect finding may be continued until the child turns 21 years of age (*see* Family Ct Act § 1055 [e]; § 1087 [a]). Accordingly, the fact that Sheena turned 18 prior to the fact-finding hearing was not, on its own, a reason to grant the application. Moreover, significant prejudice would accrue to Sheena, since she would be discharged from foster care without services to which she would be entitled upon a finding of neglect (*cf.* Social Services Law § 398 [6] [h]; 18 NYCRR 430.12 [f] [4] [i] [b]; *Palmer v Cuomo,* 121 AD2d 194 [1986]). Accordingly, the Family Court improvidently exercised its discretion in granting the petitioner's application over the objection of the attorney for the child (*see Tucker v Tucker,* 55 NY2d at 383-384; *Matter of Irene D. v Anthony D.,* 113 Misc 2d at 564). Florio, J.P., Balkin, Eng and Leventhal, JJ., concur.