OPINION OF THE COURT
Robert J. McDonald, J.
This is a motion made by plaintiff, US Bank National Association, seeking to discontinue the mortgage foreclosure action for the property located at 39-26 50th Street, Woodside, New York. The property consists of a two-family house in which defendants, Neil R. Gioia and Lauren N. Gioia, a father and daughter, reside with their spouses in separate residences.
Based upon the record before this court, on July 11, 2003, the defendants, Neil R. Gioia and Lauren N. Gioia, entered into a note and mortgage in favor of Fleet National Bank to secure payment of the principal sum of $250,000. The note and mortgage were subsequently assigned to the plaintiff. The defendants are alleged to have defaulted in payment of the mortgage commencing on September 17, 2010 at which time the plaintiff accelerated the mortgage and elected to have the entire principal sum and all amounts still owing under the note be due and payable in full immediately.
Plaintiff subsequently brought an action to foreclose its mortgage by filing a summons, complaint and lis pendens on November 9, 2011. Issue was joined by service of defendants’ timely answer dated November 21, 2011.
Plaintiff now moves for an order discontinuing the action without prejudice and canceling the lis pendens filed against the premises. In support of the motion counsel states that it is in the best interests of all parties and in the interests of judicial economy to discontinue the action without prejudice.
Defendants oppose the motion to discontinue and cross-move for an order compelling plaintiff to toll the interest accruing on the loan as of the commencement of the action and not permitting additional interest to accrue on the loan until plaintiff completes an accurate review of defendants’ eligibility for a permanent loan modification, and for an order enjoining plaintiff from collecting attorney’s fees incurred after the commencement of the action.
*949 In support of the cross motion, defendants’ counsel, Aisha A. Baruni, Esq., states that the instant action was commenced by plaintiff in November 2011. The defendants filed a timely answer. Subsequently the plaintiff did not take any action to prosecute the case and did not file a request for judicial intervention (RJI) which would have triggered the scheduling of a settlement conference pursuant to CPLR 3408 and did not file an affirmation pursuant to Administrative Order of the Chief Administrative Judge of the Courts AO/431/11 affirming that a representative of the Bank confirmed the factual allegations of the pleadings. As a result of the plaintiff taking no action to prosecute the action, the case remained on the “shadow docket” of this court until a conference was ordered by the court. On April 15, 2013, the defendants attended a conference at which time the matter was referred for a settlement conference in the Residential Foreclosure Part for June 28, 2013. According to the affirmation of defendants’ counsel, the Bank informed the defendants at the conference that they intended to discontinue the action and sought a stipulation of discontinuance. However, the defendants requested that the plaintiff not discontinue the action because the defendants wanted to participate in settlement negotiations in the Residential Foreclosure Part and sought a response to their outstanding application for a loan modification. Counsel states that she informed the plaintiffs attorney that the Gioias had a pending loan modification application, however, plaintiffs counsel did not know the status. The Court Referee ordered the plaintiff to make a determination as to the loan modification by August 5, 2013. On July 1, 2013 the defendants filed an RJI and requested a further settlement conference. A settlement conference was then scheduled for September 23, 2013.
When no response from plaintiff was forthcoming, counsel Baruni submitted an updated loan modification application on August 6, 2013. On September 23, 2013 the Referee set another deadline of October 15, 2013 for plaintiff to make a decision on defendants’ application and set a new conference date for January 15, 2014. However, the plaintiff did not respond to the loan modification application and instead, by motion dated August 8, 2013, the plaintiff moved to discontinue the instant action.
In opposition to the motion, defendant Neil R. Gioia submits an affidavit stating that defendants have still not received a response to their request for a loan modification. Mr. Gioia states that he objects to the plaintiff discontinuing the action until such time as they have gotten a response to their application *950 and have had a chance to negotiate a loan modification in the court supervised Residential Foreclosure Part. He states that if the action is discontinued he will have to wait for the plaintiff to commence a new action before he will have the opportunity to attempt to settle the matter in court. Defendant also objects to the discontinuance stating that as the arrears on the mortgage continue to accrue, the amount of interest and other costs are also increasing such that their chances of obtaining a loan modification will be decreased due to the greater amount owed to the Bank and the concomitant reduction in the equity of the home.
Defendants’ counsel argues in opposition to the motion that to permit the plaintiff to discontinue the action at this time would prejudice the defendants and deprive them of the benefit of the Residential Foreclosure Part and thereby subvert the purpose of CPLR 3408 which is to attempt a reasonable settlement and avoid a homeowner from losing their home. CPLR 3408 (f) requires both sides to “negotiate in good faith to reach a mutually agreeable resolution, including a loan modification if possible.” It is argued that moving to discontinue while the case is still in the Residential Foreclosure Part also violates the intent of the statute whose goal is the preservation of the mortgagee’s home through early resolution of the foreclosure case (citing GMAC Mtge., LLC v Bisceglie, 109 AD3d 874 [2d Dept 2013]; Matter of Sheena B. [Rory FJ, 83 AD3d 1056 [2d Dept 2011]).
Counsel also contends that discontinuance of the case will additionally prejudice the defendants as every month of delay causes additional interest to accrue, thereby increasing the overall balance owed and making it more difficult to resolve the action through loan modification and decreasing the defendants’ equity should they have to ultimately sell the home to satisfy the mortgage debt. Therefore, counsel requests that the court utilize its equitable powers to toll the accrual of interest on the note until plaintiff reviews the defendants for a permanent loan modification based upon their over two-year delay in negotiating with the defendants in good faith in violation of CPLR 3408.
In reply, the plaintiffs counsel, Matthew Russell, Esq., states that defendants have failed to make mortgage payments on their loan since September 17, 2010 and, pursuant to the mortgage contract, interest would have accrued on the loan whether an action to foreclose was brought or not. Counsel indicates that at the foreclosure conference held on September 23, 2013, the plaintiff indicated that the defendants’ modifica *951 tion application was under review and that a decision would be forthcoming. Counsel also argues that the fact that the plaintiff wishes to discontinue the action for procedural reasons does not mean that the modification review will be terminated prematurely. Counsel claims that the plaintiff is prepared to participate in discussions with the defendants regarding a modification of the defendants’ obligation even after the matter is discontinued.
Upon review and consideration of the plaintiffs motion for a discontinuance of the action, the defendants’ cross motion and affirmation in opposition and the plaintiffs reply thereto, this court finds that the motion for an order permitting the plaintiff leave to discontinue the action is denied.
This court agrees with the defendants that they will be prejudiced should the plaintiff be permitted to discontinue the action while it is still pending in the Residential Foreclosure Part where the defendants have been attempting to negotiate in good faith. The purpose of CPLR 3408 is to help homeowners avoid foreclosure through loan modifications early in the process. Here, however, the plaintiff failed to file an RJI and did not enter into settlement negotiations until called in by the court a year and a half after the action was commenced. The Referee has given the plaintiff several deadlines for completing the negotiations which have not been adhered to by the plaintiff. At the present time the case is still pending in the Residential Foreclosure Part with a new date of January 15, 2014. Because the interest has been accruing against the defendants while this action has been pending, this court finds that the defendants will be prejudiced if plaintiff is permitted to discontinue the action at this time. The Bank has failed to provide a reason for discontinuance other than stating it would be in the interests of all parties.
The courts have held that “[a] motion for leave to discontinue an action without prejudice should be granted unless there are reasons which would justify its denial” (see GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 876 [2d Dept 2013]; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622 [2d Dept 2013] [the general rule is that plaintiff should be permitted to discontinue the action without prejudice, unless defendant would be prejudiced thereby]; Matter of Sheena B. [Rory F.], 83 AD3d 1056 [2d Dept 2011] [ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted; particular prejudice or other improper consequences flowing *952 from discontinuance may however make denial of discontinuance permissible]; Kane v Kane, 163 AD2d 568 [2d Dept 1990] [neither CPLR 104 nor 3217 (b) supports the grant of a discontinuance by the court if unfair prejudice results to the adversary]; St. James Plaza v Notey, 166 AD2d 439 [2d Dept 1990] [if the party opposing the motion can demonstrate prejudice if the discontinuance is granted, discontinuance must be denied]).
This court finds that the defendants are entitled to a conclusion of the settlement negotiations before this action is discontinued. CPLR 3408 requires both the plaintiff and defendant to negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible. Here, the plaintiff commenced the action but did not file an RJI, did not commence the settlement process and still has not made any offer to the defendants for a loan modification or provided a reason why it did not diligently prosecute the case for the past two years. Further, the plaintiff has not provided a reason for failing to respond to the defendants’ applications for a loan modification. The defendants have submitted multiple loan applications which have not been reviewed by the plaintiff in a timely manner despite deadlines being placed by the Referee.
It was not until the defendants themselves filed an RJI that a settlement conference was scheduled and, at that point, rather than negotiate with the defendants, the Bank served the instant motion to discontinue the foreclosure action. Under the circumstances of this case, this court finds that in moving to discontinue at the same time the Gioias are trying to apply for a loan modification and before the settlement conference process has been completed the plaintiff has violated the good faith negotiation requirement set forth in CPLR 3408. This court finds that it would be inequitable to permit the plaintiff to discontinue the action prior to the conclusion of the settlement process. The plaintiffs failure to timely prosecute the action after filing the summons and complaint placed the defendants in a situation where they had no means to negotiate under the auspices of the Court Attorney-Referee while interest and fees on the mortgage continued to accrue damaging the defendants’ ability to obtain a loan modification. Although the defendants can still negotiate with the Bank after the action is discontinued, applying for a loan modification outside of the court supervised settlement process is not a substitute for the mandatory settlement conference process set forth in CPLR 3408 which, as stated above, creates an affirmative obligation for both parties to negotiate in *953 good faith and provides court oversight to enforce this mandate. Should the action be discontinued and then refiled by the Bank, the parties would be back in the settlement part where the parties would be required to start over again and the defendants would have accrued additional interest increasing their debt and making settlement harder to achieve.
Therefore, the defendants’ cross motion for an order tolling the accrual of interest is granted nunc pro tunc commencing from the time of the commencement of the action until such time that a determination is made by the Referee either settling the case or releasing it from the settlement part (see CPLR 5001 [a]; Norwest Bank Minn., NA v E.M.V. Realty Corp., 94 AD3d 835 [2d Dept 2012] [where action is equitable in nature, the recovery of interest is within the court’s discretion]; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983 [2d Dept 2011]). The courts have held that the exercise of discretion will be governed by the particular facts in each case, including any wrongful conduct by either party (see Danielowich v PBL Dev., 292 AD2d 414 [2d Dept 2002]).
Here, this court finds it would not be fair to charge the defendants interest and penalties during the period of the Bank’s unreasonable and unexcused delay (see Dayan v York, 51 AD3d 964 [2d Dept 2008]; US Bank, N.A. v Shinaba, 40 Misc 3d 1239[A], 2013 NY Slip Op 51484[U] [Sup Ct, Bronx County 2013]; BAC Home Loans Servicing v Westervelt, 29 Misc 3d 1224[A], 2010 NY Slip Op 51992[U] [Sup Ct, Dutchess County 2010]).
Accordingly, for all of the above-stated reasons, it is hereby, ordered, that the plaintiff’s motion for an order granting plaintiff leave to discontinue the action is denied without prejudice to renew following a final determination by the Referee, and it is further, ordered, that the defendants’ cross motion for an order compelling the plaintiff to toll the interest from accruing on the defendants’ loan from the date of commencement of the action and not permitting additional interest to accrue on the loan pending the final determination of the Referee is granted.