■ In the Matter of STEPHANIE M., a Child Alleged to be Neglected. MIGUEL R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [997 NYS2d 59]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about July 8, 2013, which placed the subject child in the care of petitioner agency pending a per-

manency hearing, and order of fact-finding, same court and Judge, entered on or about April 4, 2013, which found that respondent had neglected the child by inflicting excessive corporal punishment and failing to make adequate plans for her care, unanimously affirmed, without costs.

The determination that the father neglected the subject child is supported by a preponderance of the evidence, which showed that he refused to allow the then 17-year-old child to return home after her living situation became untenable, indicating that he wished to relinquish care of the child, and refused to participate in services to reunite the family (*see Matter of Amondie T. [Karen S.]*, 107 AD3d 498 [1st Dept 2013]). The evidence also supported the finding that the father inflicted excessive corporal punishment during an altercation in March 2012, and that there had been prior incidents involving use of corporal punishment (*see Matter of Sheneika V.*, 20 AD3d 541, 542 [2d Dept 2005]; *compare Matter of Kennya S. [Kensader S.]*, 89 AD3d 570 [1st Dept 2011]; *see also e.g. Matter of Rosina W.*, 297 AD2d 639 [2d Dept 2002]).

Contrary to the father's argument, the evidence supported the conclusion that the aid of the court was necessary in that the child was residing with her baby in a mother and child program where they had been placed shortly after the child entered foster care. The child's permanency goal was "an alternative planned permanent living arrangement," which is focused on helping a young adult learn to live independently. Thus, the child continued to require the agency's assistance to help her learn to live on her own and care for her baby (*see Matter of Sheena B. [Rory F.]*, 83 AD3d 1056, 1058 [2d Dept 2011]).

We have considered the father's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.