Matter of Lauren X. (Daughn X.) (2023 NY Slip Op 03732)

Matter of Lauren X. (Daughn X.)

2023 NY Slip Op 03732

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

534564
[*1]In the Matter of Lauren X., Alleged to be a Neglected Child. Delaware County Department of Social Services, Respondent; Daughn X., Respondent. Attorney for the Child, Appellant.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lee C. Hartjen, Cobleskill, attorney for the child, appellant.
Amy B. Merklen, County Attorney, Delhi (D. Jeremy Rase of counsel), for Delaware County Department of Social Services, respondent.
Lisa K. Miller, McGraw, for Daughn X., respondent.
Larisa Obolensky, Delhi, for Duane Y.

Clark, J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered December 6, 2021, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion to withdraw the petition.
Respondent and Duane Y. (hereinafter the father) are the parents of the subject child (born in 2005). Pursuant to a custody order, respondent exercised parenting time with the child in March 2021, after which time the child did not return to the father's home as planned. Then, in May 2021, petitioner filed the instant neglect petition alleging, among other things, that the child had been completely absent from school since the end of March 2021. During the pendency of the proceedings, petitioner sought to interview the child regarding the allegations made in the petition, as well as additional allegations that the child had made against the father and his girlfriend. Although the record reflects some difficulty in having respondent produce the child, it appears that petitioner interviewed the child in August 2021. Then, on December 6, 2021, petitioner transmitted a letter by email to Family Court, counsel for respondent, counsel for the father and the attorney for the child (hereinafter AFC) requesting to withdraw the petition without prejudice and to cancel the fact-finding hearing scheduled for December 14, 2021. That same day, the court issued an order granting petitioner's request and dismissing the neglect petition. The AFC appeals.[FN1]
Contrary to the AFC's arguments, Family Court was not required to make findings pursuant to Family Ct Act § 1051 (c), as the court's dismissal was not the result of a failure of proof following a hearing (see Matter of Sheena B. [Rory F.], 83 AD3d 1056, 1057 [2d Dept 2011]). Rather, petitioner's email amounted to an application for voluntary discontinuance (see CPLR 3217 [b]; Matter of Gabriel v Morse, 145 AD3d 1401, 1401-1402 [3d Dept 2016]; Matter of Sheena B. [Rory F.], 83 AD3d at 1057).[FN2] "[W]hether an application to discontinue an action pursuant to CPLR 3217 (b) should be granted lies within the sound exercise of the court's discretion, and such should be entered upon terms and conditions, as the court deems proper" (Matter of Fiacco v Engler, 79 AD3d 1206, 1207 [3d Dept 2010] [internal quotation marks and citations omitted]; see Matter of Hersh v Cohen, 171 AD3d 1062, 1064 [2d Dept 2019]).
We agree with the AFC that Family Court erred in granting petitioner's application to dismiss the neglect petition without allowing any time for objections to be raised. We are cognizant that, "ordinarily[,] a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted" (Tucker v Tucker, 55 NY2d 378, 383 [1982]; see Hurrell-Harring v State of New York, 112 AD3d 1213, 1215 [3d Dept 2013]). However, one should be given an opportunity to present any such special circumstances or any other arguments concerning the application, such as the effect upon a subject [*2]child's welfare (see e.g. Matter of Sheena B. [Rory F.], 83 AD3d at 1057-1058; Matter of Houck v Garraway, 293 AD2d 782, 783 [3d Dept 2002]), whether prejudice should attach to the discontinuance (see e.g. Matter of Hersh v Cohen, 171 AD3d at 1064; Matter of Fiacco v Engler, 79 AD3d at 1207-1208) or whether another party should be permitted, in the court's discretion, to commence a neglect proceeding (see Family Ct Act § 1032 [b]; see e.g. Matter of Abel XX. [Jennifer XX.], 182 AD3d 632, 633 [3d Dept 2020]; Matter of Amber A. [Thomas E.], 108 AD3d 664, 665 [2d Dept 2013]; Matter of Hannah U. [Dennis U.], 97 AD3d 908, 908 n 1 [3d Dept 2012]). Because Family Court dismissed the petition without allowing the parties — including the father as a nonrespondent parent — to present any arguments regarding petitioner's application for a discontinuance, we remit this matter to allow them the opportunity to do so.
The AFC's remaining contentions have been examined and, to the extent not expressly addressed herein, have been found to lack merit.
Lynch, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The father also appealed the order but later withdrew his appeal.

Footnote 2: The record is devoid of any objection to petitioner's use of email to circulate its application, and no challenge to service is posed on appeal.