Matter of Jasmine F.R. (Nizardo R.) (2025 NY Slip Op 02072)

Matter of Jasmine F.R. (Nizardo R.)

2025 NY Slip Op 02072

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01244
2024-01525
 (Docket No. N-9902-22)

[*1]In the Matter of Jasmine F. R. (Anonymous). Administration for Children's Services, respondent; Nizardo R. (Anonymous), appellant.

David Laniado, Cedarhurst, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Jonathan Schoepp-Wong of counsel), for respondent.
Brian Zimmerman, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated October 24, 2023, and (2) an order of disposition of the same court dated January 29, 2024. The order of fact-finding, after a fact-finding hearing, denied the father's application pursuant to Family Court Act § 1051(c) to dismiss the petition and found that the father neglected the subject child. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In March 2020, the Administration for Children's Services (hereinafter ACS) commenced a neglect proceeding against the father of the subject child, who was born in October 2004. During that proceeding, the Family Court advised the father that the neglect petition would be dismissed, and ACS was offering a voluntary placement agreement (see Social Services Law § 384-a) so that the child could be placed in foster care. After the court dismissed that neglect petition, the father refused to execute the voluntary placement agreement, despite several attempts by ACS to obtain his signature.
In June 2022, ACS commenced the instant neglect proceeding, alleging that the father had neglected the child by failing to execute the voluntary placement agreement. During a fact-finding hearing, the father made an application to dismiss the petition on the ground that further aid of the court was not required (see Family Ct Act § 1051[c]). After the hearing, the Family Court denied the father's application and found that the father neglected the child. The father appeals.
Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in denying his application to dismiss the petition pursuant to Family Court Act § 1051(c), as he failed to demonstrate that the aid of the court was not required (see id.; Matter of Vernice B. [Patton], 129 AD3d 714, 715). Although the child attained the age of 18 during the pendency of the proceeding, she consented to the extension of her placement, and the court retained jurisdiction to adjudicate the neglect proceeding (see Family Ct Act §§ 1013[c]; 1055[e]; Matter of Sayeh R., 91 NY2d 306, 310 n 1; Matter of Vernice B. [Patton], 129 AD3d at 715).
To the extent the father contends that his application to dismiss the petition should have been granted since the child was receiving services from ACS as a result of a neglect proceeding commenced against her as a parent, this contention is unpreserved for appellate review, as it was not raised before the Family Court (see Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716; Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371), and, in any event, without merit (see Matter of Sheena B. [Rory F.], 83 AD3d 1056, 1058).
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court